**BONNEVILLE ASSOCIATES, LIMITED PARTNERSHIP, and Machan Hampshire Properties, Ltd, Appellants,**

v.

**David J. BARRAM, Administrator, General Services Administration, Appellee.**

**No. 96–1325.**

United States Court of Appeals, Federal Circuit.

Jan. 20, 1999.

James J. Tansey, of Washington, DC, argued for appellants.

Sharon Y. Eubanks, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for appellee. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and John K. Lapiana, Attorney. Of counsel on the brief was Kevin S. Anderson, Assistant General Counsel, Real Property Division, General Services Administration, of Washington, DC.

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

Opinion for the court filed by Senior Circuit Judge FRIEDMAN, in which Circuit Judge BRYSON joins. Concurring opinion filed by Circuit Judge GAJARSA.

FRIEDMAN, Senior Circuit Judge.

This appeal challenges the General Services Administration Board of Contract Appeals' (Board's) dismissal of the appellants' appeal from a contracting officer's decision. The appellants previously had withdrawn their appeal to the Board to pursue their appeal to the United States Claims Court; the Board dismissed that appeal without prejudice. The United States Claims Court held that it lacked jurisdiction because the appellants' filing of their appeal with the Board constituted an election of remedies. After this court affirmed that ruling, the appellants attempted to reinstitute their appeal to the Board, which dismissed it as untimely because not filed within the 90–day limitations period under the Contract Disputes Act. We affirm.

I

The facts are undisputed. The appellant Bonneville Associates, Limited Partnership (the other appellant, Machan Hampshire Properties, Ltd., was one of Bonneville's general partners, but now has no role in this case) sold an office building to the General Services Administration and agreed to make substantial repairs and alterations to the structure. Disputes arose over whether Bonneville properly had made those repairs and alterations. After four years of negotiations, the contracting officer on August 21, 1991 issued a written decision seeking $5.195 million from Bonneville for the cost of correcting the deficiencies. The contracting officer's letter informed Bonneville that it could appeal to the Board within 90 days of receiving the decision or "instead" could bring suit in the United States Claims Court within one year of such receipt.

On November 19, 1991, 90 days after receipt of the decision, Bonneville filed a notice of appeal with the Board. On January 8, 1992, before anything further had been filed, Bonneville "withdr[e]w" its notice of appeal, stating that it "will pursue its appeal in the U.S. Claims Court." It did not request that the termination of its appeal be without prejudice. The Board dismissed the appeal. Its order stated that "appellant filed a motion to withdraw the appeal filed at this Board so that it may pursue an appeal in the United States Claims Court instead," and that "[a]ccordingly, this appeal is DISMISSED WITHOUT PREJUDICE. Rule 28(a)(1)."

In January 1992, shortly before the Board dismissed the appeal, Bonneville filed suit in the United States Claims Court (now the Court of Federal Claims and hereinafter referred to as such) challenging the contracting officer's decision. On the government's motion the Court of Federal Claims dismissed this suit for lack of jurisdiction, holding that the filing of the appeal to the Board constituted an election of remedies that barred Bonneville from subsequently invoking the court's jurisdiction. *Bonneville Assocs. v. United States,* 30 Fed. Cl. 85, 88 (1993).

This court affirmed. *Bonneville Assocs. v. United States,* 43 F.3d 649 (1994). The court pointed out that for the election-of-remedies doctrine to apply the Board must have had jurisdiction over Bonneville's appeal, which it stated was "[t]he pivotal question here." *Id.* at 653. Bonneville contended that the Board had no jurisdiction because the Contract Disputes Act excluded from Board jurisdiction contracts for "the procurement of . . . real property in being." 41 U.S.C. § 602(a)(1) (1994). The government pointed to section 602(a)(3), which gives the Board jurisdiction over contracts for "the procurement of . . . alteration [or] repairs . . . of real property." The court concluded that "the contract was *both* for the procurement and repair/alteration of real property." *Bonneville,* 43 F.3d at 654 (emphasis in original). The court held: "The board had jurisdiction over Bonneville's appeal because the dispute between the parties concerned Bonneville's alleged breach of its duty under the warranty clause and other contract provisions to repair and alter the conveyed building [and therefore] the Court of Federal Claims properly applied the Election Doctrine to dismiss Bonneville's action without prejudice for lack of subject matter jurisdiction." *Id.* at 655.

Ten days after that decision, Bonneville sought to reinstate its appeal to the Board pursuant to Rule 28(a)(2) of the Board's rules. When Bonneville dismissed its appeal in 1992, that provision (discussed below) stated that the dismissal of an appeal without prejudice would be deemed to have been dismissed with prejudice if the appeal was not reinstated within three years or any shorter period the Board had prescribed. Bonneville contended that it was entitled to reinstate its appeal because it sought to do so within three years of the dismissal.

A divided Board disagreed. The Board applied the same principle that the federal courts had applied in construing the similar provision governing voluntary dismissals without prejudice in Federal Rule of Civil Procedure 41(a), namely, that an appeal so dismissed "leaves the situation as if the suit had never been brought." Noting that the 90–day period for appealing was jurisdictional, the Board concluded:

> Accordingly, because Bonneville voluntarily caused its appeal to be dismissed without prejudice in order to pursue the appeal in another forum, Bonneville is placed in the same position as if the first appeal had never been filed. The second filing does not relate back to the date of the first filing. Moreover, as the second complaint filed on December 29, 1994 is a "new appeal" filed after the expiration of the CDA ninety-day time limit, it is untimely. We lack jurisdiction to hear this appeal.

Chairman Daniels, dissenting, stated that the Board's position was "built on a legal fiction – that Bonneville never brought this case to us before it filed its motion for reinstatement." Chairman Daniels suggested that "[a] more reasonable solution to this predicament would be to resolve the situation by taking into account the facts that (a) Bonneville did file its notice of appeal with us in a timely fashion and (b) at all relevant times, the contractor has been attempting to litigate its claim before a proper forum." He stated that this could be accomplished either by viewing the *prior dismissal without prejudice* as one "which contemplate[d] further proceedings [and therefore] does not terminate the litigation," or by "convert[ing] the dismissal to a stay, *nunc pro tunc,* and then lift[ing] that stay so that the case might now be heard."

## II

■ A. When Bonneville dismissed its appeal in 1992, three provisions of the Board's rules dealt with dismissal without prejudice. Rule 28(a), captioned "Voluntary Dismissal," provided:

> (1) Upon motion of the appellant or by stipulation of the parties, a case may be dismissed by the Board. Unless otherwise stated in the appellant's motion or in the stipulation, the dismissal is without prejudice, except that such dismissal operates as an adjudication upon the merits when requested by an appellant whose case based on or including the same claim has previously been dismissed by the Board.
>
> (2) When a case has been dismissed without prejudice and has not been reinstated by the Board upon application of any party within three years of the date of dismissal, or within such shorter period as the Board may prescribe, the case shall be deemed to have been dismissed with prejudice as of the expiration of the applicable period.

48 C.F.R. § 6101.28(a) (1991).

Rule 27(b) stated that "[t]he Board may suspend proceedings in a case for good cause," and that the suspension order "will prescribe the duration of the suspension or the conditions on which it will expire." 48 C.F.R. § 6101.27(b). Rule 27(c), captioned "Dismissal in lieu of stay or suspension," stated:

> When circumstances beyond the control of the Board prevent the continuation of proceedings in a case, the Board may, in lieu of issuing an order suspending proceedings, dismiss the case without prejudice to reinstatement. Such a dismissal may require reinstatement by a date certain or within a certain period of time after the occurrence of a specified event. If the order of dismissal does not otherwise provide, it will be subject to the provisions of 6101.28(a) [Rule 28].

48 C.F.R. § 6101.27(c) (1991).

The Board's Rules thus distinguished between two types of dismissals without prej-

udice. The first, which Rule 28(a)(1) governed, was a voluntary dismissal by the appellant (or on stipulation of the parties). The second, which Rule 27(c) covered, dealt with the case where the Board ordinarily would suspend proceedings, but circumstances beyond its control prevented their continuation. Presumably, this provision was designed to cover situations where the suspension was likely to continue for a lengthy but indefinite time, such as the conduct of settlement negotiations or the completion of some other proceeding.

Bonneville's voluntary dismissal of its appeal in 1992 was within the first category. Nothing in the dismissal even suggested, much less indicated, that Bonneville might seek reinstatement of its appeal dependent upon the outcome of its Court of Federal Claims suit. The intention to file such a suit was the sole explanation Bonneville gave for dismissing its appeal. Since Bonneville had filed its appeal on the last day for doing so, the Board reasonably could have viewed the dismissal as indicating that the notice of appeal had been protective, and that upon further consideration Bonneville had decided to litigate its case in court rather than before the Board.

The Board accordingly properly treated Bonneville's voluntary dismissal of its appeal as governed by Rule 28(a)(1).

■ B. Bonneville contends that since its voluntary dismissal of its appeal was without prejudice under Rule 28(a)(1), Rule 28(a)(2) entitled it to reinstate its appeal at any time within three years of the dismissal, and that since it met that time limit, the Board erred in refusing to reinstate the appeal. Bonneville reads too much into the language of Rule 28(a)(2).

Rule 28(a)(2) provided only that if an appeal had not been reinstated within three years (or within a shorter time the Board fixed), the previous dismissal without prejudice would become with prejudice. The provision related to the time and circumstances under which a without prejudice dismissal became one with prejudice. Although it recognized that appeals might be reinstated, it did not specify or indicate the circumstances under which that could be done, except to provide a time frame for such action. Resort, therefore, must be had elsewhere to determine the effect of the voluntary dismissal of Bonneville's appeal without prejudice upon its subsequent endeavor to reinstitute that appeal.

■ In deciding that question, the Board looked to the treatment of the same issue by the federal courts under the similar provision of Federal Rule of Civil Procedure 41(a), which states that an action may be dismissed by the plaintiff without court order "by filing notice of dismissal" before the adverse party files an answer or moves for summary judgment, and that unless the notice provides otherwise "the dismissal is without prejudice." The rule in the federal courts is that "[t]he effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir.1996) (quoting *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995) and applying Rule 41(a) in the Habeas Corpus context). *See, e.g., Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir.1995) ("While [plaintiff's] first lawsuit was filed within the limitations period, that suit was voluntarily dismissed pursuant to [Rule] 41(a), and is treated as if it had never been filed.").

■ We give considerable deference to the Board's interpretation of its operating rules and procedures and "that interpretation ordinarily will be accepted 'unless it is plainly erroneous or inconsistent with the regulation.'" *Data General v. Johnson*, 78 F.3d 1556, 1561 (Fed.Cir.1996) (giving deference to agency's interpretation of its 10–day protest filing deadline). We cannot say that the Board's decision to treat Bonneville's simple dismissal without prejudice the same way the federal courts would have treated it was plainly erroneous. Nor can we say that this decision was inconsistent with its rules – Rule 27(c) deals with dismissals in lieu of suspension, not simple dismissals like Bonneville's, and Rule 28(a)(2), as shown above, merely places an outer limit on the time

within which a litigant may seek to reinstate an appeal that was dismissed without prejudice. The Board has substantial discretion to determine whether to reinstate an appeal voluntarily dismissed without prejudice and it did not abuse that discretion here in denying reinstatement.

Although Bonneville criticizes the Board's rule as a legal fiction (as did the dissenting opinion of the Board), we think this conclusion is unfounded. The rule merely states the consequence of a voluntary dismissal without prejudice, namely, that the appellant cannot thereafter resurrect the appeal after the statute of limitations on the cause of action has run. Here, Bonneville's attempt to reinstate its appeal almost three years after the 90–day period for filing the appeal had run was untimely, and the Board properly refused to permit reinstatement of the appeal because of lack of jurisdiction to entertain it.

## III

A. Bonneville contends that even if the Board correctly concluded that the attempted resurrection of its appeal was untimely, we should permit the appeal by equitably tolling the 90–day limitations period in the Contract Disputes Act. It relies primarily upon *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). In *Irwin*, the Court held that "the rule of equitable tolling [is] applicable to suits against the Government, in the same way that it is applicable to private suits," and ruled that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so." *Id.* at 95–96, 111 S.Ct. 453. The Court, however, declined to apply equitable tolling to save Irwin's case.

Irwin filed a civil rights suit against the government 44 days after his attorney's office had received a "right-to-sue" letter from the Equal Employment Opportunity Commission, which was 14 days beyond the statutory 30–day limitation for filing such suit. Irwin stated that the notice had reached the attorney's office when the attorney was out of the country, and that the delay in filing should be excused for that reason because the suit was filed within 30 days of Irwin's personal receipt of notice. The Court declined to find equitable tolling because "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Id.* at 96, 111 S.Ct. 453.

B. This court has not decided whether equitable tolling applies to the time limitations in the Contract Disputes Act for challenging a contracting officer's decision. *See Wood–Ivey Sys. Corp. v. United States*, 4 F.3d 961, 964 n. 4 (Fed.Cir.1993); *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1572 n. 2 (Fed.Cir.1994). We find it unnecessary to decide that issue here, however, for even if the doctrine applies, equitable tolling of the 90–day time limitation is unwarranted.

Equitable tolling of statutes of limitations has been "allowed ... in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. *See also Bowden v. United States*, 106 F.3d 433, 438 (D.C.Cir.1997) ("courts have excused parties, particularly those acting pro se, who make diligent but technically defective efforts to act within a limitations period.... Like other courts, we have excused parties who were misled about the running of a limitations period, whether by an adversary's actions ... by a government official's advice upon which they reasonably relied ... or by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period.") (citations omitted); *Wolin v. Smith Barney, Inc.*, 83 F.3d 847, 852 (7th Cir.1996) ("Equitable tolling is invoked when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing a suit.").

What happened here falls far short of the situations in which equitable tolling has been applied. This is not a case of a litigant who with due diligence endeavors to meet the statutory time deadline, but fails to do so because of some minor technical or inadvertent mistake. Here, to the contrary, Bonneville originally timely (but just) filed its notice of appeal with the Board. Six weeks later, however, Bonneville, represented by counsel, voluntarily and unconditionally withdrew its appeal to pursue a judicial remedy. It did not state that it elected the latter course because of uncertainty over the Board's jurisdiction, and did not request the Board to stay its proceedings until the jurisdictional issue was resolved. Nor did it indicate that if the Court of Federal Claims suit ultimately were dismissed, it would seek to reinstate its appeal to the Board or that it believed that, if the court suit were dismissed, Rule 28(a)(2) entitled it to reinstate its appeal within three years of its dismissal. There is no claim that any government official advised Bonneville to follow the course it chose. What the record suggests is that Bonneville dismissed its suit because it had decided that it wished to pursue the alternative remedy of litigation in court rather than before the Board.

Two and one-half years later, after this court had affirmed the Court of Federal Claims' dismissal of Bonneville's action as barred by election of remedies, Bonneville attempted to reinstate its appeal to the Board. The Board declined to permit it to do so, ruling that the voluntary dismissal without prejudice had terminated the earlier litigation, and that Bonneville was attempting to file a new suit on which the statute of limitations had long since run. Bonneville's basic position—that it mistakenly voluntarily dismissed its appeal rather than seeking a stay of the Board proceedings on the erroneous assumption that it had the right to reinstate the appeal at any time within three years—is comparable to the "garden variety claim of excusable neglect" that the Court in *Irwin* held was insufficient to justify equitable tolling. Bonneville has not established a basis for equitable tolling.

The present case thus is unlike *Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998), in which this court en banc recently held that equitable tolling is available to avoid time limitations in the statutory provisions governing veterans benefits. We ruled that Bailey had sufficiently alleged a claim for equitable tolling based on what he had been told by government officials: "Given the particular relationship between veterans and the government, Bailey was misled by the conduct of his adversary into allowing the filing deadline to pass. *Id.* at 1365. Although there is no suggestion of misconduct, such as tricking Bailey into missing the 120 day filing deadline, we nevertheless conclude that a veteran's *inducement by an adversary's conduct is* akin to grounds sufficient to toll a limitations period in a private suit." The court, however, did not hold that the limitations period should be equitably tolled in Bailey's case, but merely remanded the case to the Court of Veterans Appeals to determine that question, and indicated no view on the applicability of the doctrine to the different statutory provision in this case. *Id.* at 1368.

## CONCLUSION

The order of the Board refusing to reinstate Bonneville's appeal is *AFFIRMED*.

GAJARSA, *Circuit Judge,* concurring.

While I agree with the outcome of this case, I write separately to address two issues: first, the majority opinion's discussion of equitable tolling with respect to the Contract Disputes Act (CDA), 41 U.S.C. § 601 et seq. (1994), in light of our recent in banc opinion in *Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998) (in banc), and, second, what I perceive to be an incomplete analysis of the Board's rules in effect at the time and their relationship to the jurisdiction conferred on the Board by the CDA.

### Equitable Tolling

The majority's Part III discussion of equitable tolling of the CDA in light of *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), distinguishes our recent in banc decision in *Bailey* on the basis that *Bailey* involved the pater-

nalistic statutory provisions governing veterans benefits, in contrast to the statute of limitations provision of the CDA at issue here.

The majority opinion states that "[t]his court has not decided whether equitable tolling applies to the time limitations in the Contract Disputes Act for challenging a contracting officer's decision. We find it unnecessary to decide that issue, here, however, for even if the doctrine applies, equitable tolling of the 90–day time limitation is unwarranted." Slip op. at 1365 (internal citations omitted). The opinion then goes on to discuss equitable tolling under *Irwin* as if the presumption applied to the CDA, holding that Bonneville's situation is nothing more than a "garden variety claim of excusable neglect" and is thus "insufficient to justify equitable tolling." Slip op. at 1366 (citing *Irwin*, 498 U.S. at 96, 111 S.Ct. 453).

However, any discussion by the majority of *Irwin* and the applicability of equitable tolling to the CDA must be viewed as dicta. Although that issue was squarely presented to us, the majority opinion does not hold that the presumption in favor of equitable tolling outlined in *Irwin* and refined by us in *Bailey* does not apply to the CDA.[1] That issue remains to be decided in the future. In addition, the majority opinion's basis for distinguishing *Bailey*, i.e., a paternalistic veterans scheme, should not be read to imply that any statutory scheme not involving veterans is precluded from the possibility of equitable tolling. That the discussion of *Irwin* in *Bailey* was in the context of veterans does not diminish the precedential and controlling nature of the in banc court's discussion. Thus, I do not criticize the majority's ultimate conclusion as to equitable tolling given the particular facts of this case. Rather, I write separately to emphasize what has not been decided, namely, whether the presumption of equitable tolling announced by the Supreme Court in *Irwin*, as refined by the in banc court in *Bailey*, applies to the CDA.

### Board's Rules and the CDA

In Part II, the majority opinion correctly determined that Bonneville's dismissal without prejudice pursuant to Rule 28(a)(1) prevented it from reopening its appeal with the Board pursuant to the three-year reinstatement provision of Rule 28(a)(2). The majority states that Rule 28(a)(2) "merely places an outer limit on the time within which a litigant may seek to reinstate an appeal that was dismissed without prejudice." Slip op. at 1364–65. In addition, the majority states that a dismissal without prejudice pursuant to Rule 27(c) "cover[s] situations where the suspension was likely to continue for a lengthy but indefinite time, such as the conduct of settlement negotiations." Slip op. at 1364. In concluding that Bonneville cannot resort to Rule 28(a)(2) to reinstate its appeal with the Board, the majority opinion relies on the deference we give to the Board's interpretation of its own rules and procedures. While I do not dispute that point, I am troubled by the lack of discussion of the necessary corollary to that proposition, namely, the Board's inability to construe its own rules pursuant to the CDA to enlarge its own jurisdiction. This issue was addressed in the Board's opinion and in the parties' briefs to this court on appeal.

We have stated repeatedly that "waiver of sovereign immunity by the United States is jurisdictional." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed.Cir.1998) (citing *United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). A sovereign's consent to be sued pursuant to the CDA must be strictly construed. *See Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed.Cir.1982) (citing *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)). However, "authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge its jurisdiction." *Widdoss v. Secretary of the Dep't of Health and Human Servs.*, 989 F.2d 1170, 1177 (Fed.Cir.1993) (quoting *Sherwood*, 312 U.S. at 589–90, 61 S.Ct. 767).

---

1. I note in passing that as a "timing for review" provision, the CDA statute of limitations provision at issue here would be precluded from any application of equitable tolling under the view espoused by Judge Bryson in his dissent in *Bailey*.

Given this clear line of precedent, I do not understand why the majority preferred to rely only on the deference we give the Board in interpreting its own rules to support its holding, without taking the next step, *i.e.*, that the Board cannot construe the statute of limitations provision of the CDA (41 U.S.C. § 606) to enlarge its jurisdiction, as that would impermissibly violate principles of sovereign immunity.

Additionally, I do not understand the majority opinion's lack of discussion of Rule 27(c)'s explicit reference to "reinstatement" and its directive that dismissals pursuant to this rule are "subject to the provisions of [Rule 28(a)]," and the corresponding lack of a similar reference and directive in Rule 28(a)(1). While it is true that the dismissal in this case was granted pursuant to Rule 28(a)(1) and not Rule 27(c), the marked difference in language of the two rules is certainly relevant to the present case and reinforces our ultimate conclusion of not permitting reinstatement after dismissal pursuant to Rule 28(a)(1).

For the reasons stated above, I cannot join the majority opinion and must concur only in the judgment.