ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --                                    )
                                                 )
DCX-CHOL Enterprises, Inc.                       )         ASBCA Nos. 62453, 62454
                                                 )
Under Contract Nos. N00104-10-C-FA09             )
              N00104-06-C-FA67                    )

APPEARANCES FOR THE APPELLANT:                   Mark R. Thomas, Esq.
                                                 Marcos Gonzalez, Esq.
                                                   Reid Law, PC
                                                   Denver, CO

APPEARANCES FOR THE GOVERNMENT:                  Craig D. Jensen, Esq.
                                                   Navy Chief Trial Attorney
                                                 Matthew S. Hawkins, Esq.
                                                   Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE SWEET

These appeals challenge the contracting officer (CO)'s decision to terminate two contracts for default. On June 8, 2020, the Department of the Navy (government) moved to dismiss these appeals on the grounds that we do not possess jurisdiction and these appeals are barred by *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). Appellant DCX-CHOL Enterprises, Inc. (DCX) responded that we possess jurisdiction, and that neither *res judicata* nor collateral estoppel bar these appeals. For the reasons discussed below, we find that we do not possess jurisdiction because DCX did not file these appeals within 90 days of its receipt of the CO's default termination decision. Therefore, we do not reach the government's other arguments, and dismiss these appeals.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

I. Factual Background

1. On August 2, 2006, the government and DCX executed Contract No. N00104-06-C-FA67 (FA67 Contract) for hull penetrator assemblies. On November 5, 2009, the government and DCX executed Contract No. N00104-10-C-FA09 (FA09 Contract) for electric lead assemblies. The hull penetrator and electric lead

assemblies are components of Trident class submarine sonar systems. *DCX-CHOL Enterprises, Inc.*, ASBCA Nos. 61636, 61637, 20-1 BCA ¶ 37,483 at 182,065.[1]

2. The FA09 Contract and the FA67 Contract (collectively, Contracts) incorporated by reference Federal Acquisition Regulation (FAR) 52.249-8, DEFAULT FIXED-PRICE SUPPLY AND SERVICE (APR 1984), which allowed the government to terminate the Contracts if DCX failed to perform within the time specified in the Contracts. *DCX*, 20-1 BCA ¶ 37,483 at 182,065.

3. The Contracts required first article testing (FAT) and approval. The Contracts, as modified, incorporated FAR 52.209-4, FIRST ARTICLE APPROVAL-GOVERNMENT TESTING (SEP 1989), which required DCX to deliver FAT samples within 180 days for the FA09 Contract and 90 days for the FA67 Contract. *DCX*, 20-1 BCA ¶ 37,483 at 182,065. After several other modifications, the parties entered into bilateral modifications of the Contracts, which extended the FAT sample delivery deadline for both contracts to April 30, 2018 (Deadline). *DCX*, 20-1 BCA ¶ 37,483 at 182,065-66.

4. DCX did not meet the Deadline for either contract. Therefore, on May 11, 2018, the government informed DCX that the government was terminating the Contracts for default. *DCX*, 20-1 BCA ¶ 37,483 at 182,066.

II. Procedural History

5. Without submitting a claim to the CO and obtaining a CO final decision (COFD), DCX filed notices of appeal challenging the validity of the government's default terminations of the FA09 Contract and the FA67 Contract, which we docketed as ASBCA Nos. 61636 and 61637, respectively (collectively, *DCX I*). *DCX-CHOL Enterprises, Inc.*, ASBCA Nos. 61636, 61637, 19-1 BCA ¶ 37,394 at 181,800. DCX asserted delay, constructive change, and waiver defenses to the default termination. *DCX*, 20-1 BCA ¶ 37,483 at 182,066.

6. The government then moved to strike the delay and constructive change defenses (collectively, delay defenses), and for summary judgment on the waiver defense. *DCX*, 19-1 BCA ¶ 37,394 at 181,799.

---

[1] As discussed in greater detail below, we issued two decisions in *DCX I*—(1) *DCX-CHOL Enterprises, Inc.*, ASBCA Nos. 61636, 61637, 19-1 BCA ¶ 37,394, which granted the government's motion to strike and denied its motion for summary judgment, and (2) *DCX-CHOL Enterprises, Inc.*, ASBCA Nos. 61636, 61637, 20-1 BCA ¶ 37,483, which granted the government's motion for reconsideration of our denial of the summary judgment motion.

7.  On July 11, 2019, we granted the motion to strike the delay defenses on the grounds that we did not possess jurisdiction over those defenses under *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354 (Fed. Cir. 2018) because DCX did not present a delay defenses claim to the CO.  However, we denied the motion for summary judgment on the waiver defense.  *DCX*, 19-1 BCA ¶ 37,394 at 181,799.

8.  On August 12, 2019, the government moved for reconsideration of the summary judgment motion denial.  *DCX*, 20-1 BCA ¶ 37,483 at 182,065.

9.  While the motion for reconsideration was pending in *DCX I*, DCX presented a delay defenses claim to the CO on September 9, 2019 (*DCX II* Claim).  The *DCX II* Claim did not seek a sum certain.  (R4, tab 7 at 98, 100)  Nor did DCX move the Board to stay *DCX I* while DCX pursued the *DCX II* Claim.

10.  On December 9, 2019, we granted both the government's motion for reconsideration and its motion for summary judgment on DCX's waiver defense in *DCX I*.  Because waiver was the only remaining defense to the default termination in *DCX I*, we denied the *DCX I* appeals.  20-1 BCA ¶ 37,483 at 182,068.

11.  On April 2, 2020, DCX filed a notice of appeal with the Board based upon a deemed denial of the *DCX II* Claim, which we docketed as ASBCA Nos. 62453 and 62454 (collectively, *DCX II*).[2]  These are the appeals before us now.

DECISION

We do not possess jurisdiction to hear these *DCX II* appeals challenging the default termination because DCX failed to file them within 90 days of its receipt of the default termination decision.[3]  Under the Contracts Disputes Act (CDA), a contractor must file an appeal of a default termination decision within 90 days of its receipt of a final decision.  41 U.S.C. § 7104(a).  We do not possess jurisdiction to hear an appeal when a contractor fails to file a notice of appeal within 90 days of its receipt of that decision.  *Cosmic Const. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982).  The 90 day appeal period is not subject to equitable tolling.  *Id.*; *Waterstone Envtl. Hydrology & Eng'g., Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,141-42.

---

[2] ASBCA No. 62453 relates to the FA09 Contract.  ASBCA No. 62454 relates to the FA67 Contract.

[3] DCX admits that it merely is challenging the default termination decision, and not raising a monetary claim (SOF ¶ 9; app. resp. at 3).  Indeed, we would not possess jurisdiction over any monetary claim because the *DCX II* Claim did not include a sum certain (SOF ¶ 9; *Securiforce*, 879 F.3d at 1359-60; *Parsons Gov't Servs., Inc.*, ASBCA No. 62113, 20-1 BCA ¶ 37,586 at 182,510-11).

Here, DCX received the government's default termination decision around May 11, 2018 (SOF ¶ 4). However, it did not file these appeals until April 2, 2020—more than 90 days later (SOF ¶ 11). Therefore, we do not possess jurisdiction over these appeals. *Cosmic Const.*, 697 F.2d at 1390-91.

At oral argument, DCX argued that these appeals are timely under *Afghan Active Group* (*AAG*), ASBCA No. 60387, 16-1 BCA ¶ 36,349. In *Afghan Active Group*, we held that a notification of an intent to appeal provided by a contractor to the CO within 90 days of receiving a COFD constitutes a timely notice of appeal. *Id*. at 177,211. Here, DCX has not identified any notification of an intent to appeal that DCX provided to the CO within 90 days of receiving the default termination decision. To the extent that DCX is relying upon the *DCX II* Claim, that would not constitute a timely notice of appeal because DCX did not submit that claim to the CO until September 9, 2019—which was more than 90 days after DCX received the government's default termination decision around May 11, 2018 (SOF ¶¶ 4, 9). Therefore, *Afghan Active Group* does not help DCX.

Nor can DCX argue that *DCX II* is timely because it relates back to *DCX I*, which DCX filed within 90 days of receiving the default termination decision. A second appeal cannot relate back to an earlier appeal for purposes of establishing that the second appeal is timely if the earlier appeal no longer was pending when the contractor filed the later appeal. *Bonneville Associates, Ltd. Partnership v. Barram*, 165 F.3d 1360, 1363-64 (Fed. Cir. 1999); *Frazer v. United States*, 49 Fed. Cl. 734, 736 (2001). Here, *DCX I* no longer was pending when DCX filed *DCX II* because we denied the *DCX I* appeals on December 9, 2019, but DCX did not file *DCX II* until April 2, 2020 (SOF ¶¶ 10-11). Therefore, *DCX II* cannot relate back to *DCX I*. *Bonneville*, 165 F.3d at 1363-64; *Frazer*, 49 Fed. Cl. at 736.

Indeed, the contrast with *Watts Constructors, LLC*, ASBCA Nos. 61518, 61961, 19-1 BCA ¶ 37,382 demonstrates why the *DCX II* appeals are untimely. As in *Watts*, DCX appealed the government's default termination within 90 days, raising delay and waiver defenses in *DCX I* (SOF ¶ 5); 19-1 BCA ¶ 37,382 at 181,726. Moreover, as in *Watts*, the government then moved to strike the delay defenses on the grounds that DCX had failed to present those defenses to the CO, and for summary judgment on the waiver defense (SOF ¶ 6); 19-1 BCA ¶ 37,382 at 181,724. However, unlike in *Watts*, DCX did not move to stay *DCX I* while it submitted its delay defenses claim to the CO and obtained a COFD (SOF ¶ 9); 19-1 BCA ¶ 37,382 at 181,724. That distinction is crucial because it means that—unlike in *Watts*—DCX had not protected itself from a denial of *DCX I* while DCX was pursuing its *DCX II* claim. *Watts* held that the second appeal in that case was timely because it merely constituted a delay claim "proffered as a defense to a timely appealed default termination." 19-1 BCA ¶ 37,382 at 181,726. Here, by contrast, *DCX II* could not have been proffered as a defense to a timely appealed default termination because the timely appeals of the default terminations in *DCX I* already had been denied by the time DCX filed the *DCX II* appeals (SOF ¶¶ 10-11). As a result,

4

unlike in *Watts*, we do not possess jurisdiction over these appeals because they are untimely. *Cosmic Const.*, 697 F.2d at 1390-91.

CONCLUSION

For the foregoing reasons, we grant the government's motion to dismiss and dismiss these appeals.

Dated: October 29, 2020

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA Nos. 62453, 62454, Appeals of DCX-CHOL Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated: October 29, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals