STONE CONTAINER CORPORATION, Stone Container International, and Stone Container Savannah River Pulp And Paper, Plaintiffs,

v.

The UNITED STATES, Defendant.

Slip Op. 98–143.
Court No. 96–10–02366.

United States Court of
International Trade.

Oct. 5, 1998.

Katten Muchin & Zavis (Mark S. Zolno, Kirk T. Hartley, Michael E. Roll, David M. Dunbar and James L. Sawyer) for plaintiffs.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson, Todd M. Hughes and Lara Levinson), and Richard McManus Office of the Chief Counsel, United States Customs Service, of counsel, for defendant.

## OPINION

RESTANI, Judge:

This matter is before the court on cross motions for summary judgment. The only

issue in dispute is the applicable limitations period for the recovery of Harbor Maintenance Taxes (HMT) from defendant.

The Supreme Court has ruled that suit is to be brought here under 28 U.S.C. § 1581(i) (1994), *United States v. United States Shoe Corp.*, —— U.S. ——, ——, n. 3, 118 S.Ct. 1290, 1294, n. 3, 140 L.Ed.2d 453 (1998). The applicable limitations period for suits brought under 28 U.S.C. § 1581(i) is 28 U.S.C. § 2636(i) (1994). The statute provides:

### § 2636. Time for commencement of action

(i) A civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than an action specified in subsection (a)-(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues.

The parties agree that the statute of limitation runs from the date of payment of the tax, but plaintiffs also argue that an attempted Rule 23 class action, *Baxter Healthcare Corp. v. United States*, 925 F.Supp. 794 (C.I.T.1996), tolled the running of the statute. The United States argues that 28 U.S.C. § 2636 provides no tolling mechanism and that any tolling provision in a statute of limitations applicable to the United States must be express.

Two Supreme Court cases make clear that the statutory language is the key. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (recognizing a rebuttable presumption of equitable tolling), *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (complicated statute of limitations for tax claims did not permit equitable tolling). *Accord US JVC Corp. v. United States*, 15 F.Supp.2d 906 (C.I.T.1998) (administrative deadlines for challenging customs duties not subject to equitable tolling).[1]

---

**1.** Class certification in a second class action, *Mondial v. United States*, 925 F.Supp. 794 (CIT, 1996) was denied at the same time certification was denied in *Baxter*. *See Baxter Healthcare Corp. v. United States*, 925 F.Supp. 794 (CIT 1996). Certification in a later filed action was also denied. *See U.S. Vinadium Corp. v. United States*, Slip Op. 98–124, No. 98–05–01726, 1998 WL 552682 (CIT Aug. 25, 1998). This belated attempt at certification does not restart tolling. *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987).

*Brockamp,* relied on heavily by defendant, is particularly informative. In that case, because the statute of limitations was very complicated and contained alternatively calculated limitations periods, the court found no other "tolling" applicable. 519 U.S. at ——, 117 S.Ct. at 849, 851–52. Here the statute is very simple. There are no alternative time periods, administrative prerequisites or a list of tolling factors, such as incompetency, affirmative misconduct, etc., in 28 U.S.C. § 2636. The plaintiff has two years from claim accrual in which to commence suit in accordance with the rules of the court.

One of the rules of the court is Rule 23 which parallels Fed.R.Civ.P. 23.[2] Rule 23 stops the statute of limitations from running for all claims covered by the representative action. *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (tolling of statute of limitations by class action complaint under F.R. Civ. P. 23). *Baxter* clearly was intended to apply to all HMT payments on foreign exports, the same claims involved here. The statutes at issue present no reason to disregard the Supreme Court's holding in *American Pipe* with respect to suits brought under 28 U.S.C. § 1581(i). In fact, the language of the applicable limitations statute, 28 U.S.C. § 2636(i), indicates that this type of "tolling" should be permitted.[3] That is, suit was "commenced," albeit through a representative action permitted by the rules of the court, within two years of claim accrual. 28 U.S.C. § 2636(i).

It also should be noted that the attempted class certification was not frivolous. The basic Rule 23 criteria were met in *Baxter* and *Mondial. See Baxter,* 925 F.Supp. at 797. The court in its discretion simply found that because of the particular case posture the class vehicle was not a superior mechanism for resolution of the disputes. *Id.* at 797–800. The *American Pipe* rule is a blanket tolling rule which avoids a myriad of suits in the event a class action is certified. The rationale of *American Pipe* is not based on any factor which would lead one to conclude that the suits brought against the United States under 28 U.S.C. § 1581(i) are exempt from its holding. Fed.R.Civ.P. 23 applies to suits against the United States. *See, e.g., Walters v. Reno,* 145 F.3d 1032 (9th Cir.1998) (aliens brought class action suit against Immigration and Naturalization Service challenging constitutionality of certain administrative procedures of Immigration and Naturalization Act of 1990); *Dunbar v. Glickman,* 90 F.3d 681 (2d Cir.1996) (food stamp recipients brought class action against U.S. Department of Agriculture challenging changes to food stamp policy). Presumably Congress is aware that the CIT rules are parallel.[4]

■ The next issue is when the tolling stops if class certification is denied. There are two circuit opinions coming to essentially opposite conclusions on this issue. In *Jimenez v. Weinberger,* 523 F.2d 689, 696–8 (7th Cir.1975), a panel of the Seventh Circuit, which affirmed a decision to certify a class after a finding of unconstitutionality, concluded that the statute of limitations was tolled from the outset even though the court originally did not certify a class. In fact, because the case was disposed of adversely to plaintiffs on the merits, the certification issue was not discussed. Nonetheless tolling was found to be without interruption. While *Jimenez* is not entirely apposite, it is the

2. *See Tomoegawa (U.S.A.) Inc. v. United States,* 15 CIT 182, 185–86, 763 F.Supp. 614, 617 (1991) ("Since the Rules of the Court of International Trade mirror the Federal Rules of Civil Procedure, it is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules.")

3. It is not clear that "tolling" conveys the concept at issue here. As noted in *Crown Cork & Seal,* 462 U.S. 345, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), filing of the class action gives the defendant sufficient notice of the mag-

nitude as well as of the substance of the claim so that evidence, including testimony, may be preserved and surprise is avoided. Thus, the statute of limitations is met, not simply waived. *See also Wood–Ivey Systems Corp. v. United States,* 4 F.3d 961 (1993) (filing in accordance with Rules of Claims Court satisfies statute of limitations).

4. Under 28 U.S.C. § 2071(a) (1994), the rules prescribed by this court must be consistent with the general rules of procedure prescribed by the U.S. Supreme Court for the U.S. district courts and courts of appeal.

strongest authority for plaintiffs on this sub-issue.

In *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir.1998), the Eleventh Circuit sitting *en banc* concluded that tolling does not continue after class certification is denied in the trial court.[5] It rejected the proposition that tolling should extend until the case is complete and appellate rights are exhausted. It did so even though Rule 23 currently does not permit interlocutory appeal of denial of certification as of right.[6]

The parties had the opportunity to request certification for interlocutory appeal of the class certification issue and to seek stay of the court's order. 28 U.S.C. § 1292(d)(1) (1994) (appeal of CIT interlocutory order), USCIT Rule 62(d) (stay upon appeal). Simply because the parties did not have the *right* to immediately appeal, but have the right to appeal this issue at the conclusion of the case, is no reason to continue the tolling after class certification is denied. The purposes of Rule 23 are amply served by the original tolling. *See supra* note 3. After class certification is denied the defendant has the right to know what individual suits will be filed against it. The court finds the reasoning of *Armstrong* persuasive and concludes that tolling ended when class certification was denied.

Plaintiffs have raised many other arguments, all leading to the proposition that sovereign immunity is no defense to this action, including that sovereign immunity was obviated by the First Amendment right to petition for redress of grievance, that HMT are held in trust and that the sovereign is not immune from claims based on unconstitutional statutes. The court assumes *arguendo* that sovereign immunity may not be imposed as a defense to this action. Even if 28 U.S.C. § 2636(i) is not viewed as part of a statutory scheme conditionally waiving sovereign immunity, it is not necessarily devoid of all meaning in this context.

■ Governmental entities may create statutes of limitation for any type of claim against any defendant in order to avoid stale claims and to increase certainty. In *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), the Supreme Court required Florida to provide a clear remedy for recovery of improperly exacted taxes, but it did not require an unlimited remedy. The same rule should apply to the federal government.

Whether or not it took some litigation to resolve the issue of exactly what avenue was available for recovery of HMT, it was clear from the outset that Congress provided a remedy in this court, 26 U.S.C. § 4462(f)(2) (1994). After *U.S. Shoe*, 523 U.S. at ——, 118 S.Ct. at 1294, it is clear that the remedy is under 28 U.S.C. § 1581(i). Under 28 U.S.C. § 2636(i) suit must be brought within two years of payment of the tax. This is an easy enough period to compute, and plaintiffs have not attempted to establish that two years was too short a period in which to meaningfully pursue their claims.

Given that the HMT statute clearly provided for a remedy in this court, as *U.S. Shoe* recognized, 523 U.S. at —— n. 3, 118 S.Ct. at 1294 n. 3, there is no Tucker Act jurisdiction in either the district courts or the Court of Federal Claims. *Id.* Nor will the court adopt the Tucker Act statute of limitations when Congress has provided otherwise. Jurisdiction in this court is exclusive, 28 U.S.C. § 1581(i), and the two-year statute of limitations of 28 U.S.C. § 2636(i) does not deprive plaintiffs of a clear and equitable avenue of relief.

The parties have 20 days to present an order to the court for judgment against the United States for claims brought within the statute of limitations as tolled and for dismissal of the remaining claims.

---

**5.** *Armstrong* cites a third case *Fernandez v. Chardon*, 681 F.2d 42, 48 (1st Cir.1982), *aff'd Chardon v. Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983), which reaches the same conclusion in *dicta*.

**6.** Rule 23, as recently amended, will allow such appeal without district court certification of the issue for appeal. Fed.R.Civ.P. 23(f) (Amendment Effective Dec. 1, 1998).