Slip Op. 00-140

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: RICHARD K. EATON, JUDGE**

|  |  |  |
|---|---|---|
| **FORMER EMPLOYEES OF SIEMENS INFORMATION COMMUNICATION NETWORKS, INC.,** | : | |
| Plaintiffs, | : | |
| v. | : | **Court No. 99-11-00681** |
| **ALEXIS HERMAN, SECRETARY, UNITED STATES DEPARTMENT OF LABOR**, | : | |
| Defendant. | : | |

Plaintiff, on behalf of himself and other workers at a communications technology firm, brought action contesting the Secretary of Labor's ("Secretary") denial of their petition for certification of eligibility to apply for trade adjustment assistance under the Trade Act of 1974, 19 U.S.C. §§ 2271–2322, 2395 (1994). The United States ("Government") on behalf of the Secretary moved pursuant to USCIT R. 12(b)(1) to dismiss complaint for lack of subject matter jurisdiction on the grounds that Plaintiffs failed to commence action within sixty days of publication of Secretary's final determination in the Federal Register. Plaintiffs claimed that sixty-day statutory time period for commencing suit is subject to equitable tolling, and that equitable tolling was warranted under the facts. Government countered that sixty-day period for commencing suit is not subject to equitable tolling and that, even if equitable tolling were available, the facts did not justify equitable tolling of statutory time period. The Court of International Trade, Eaton, J., held: (1) sixty-day statutory time period for commencing an action under 28 U.S.C. § 1581(d)(1) (1994) challenging a final determination of the Secretary under 19 U.S.C. § 2273 is subject to equitable tolling; but (2) facts presented did not warrant equitable tolling of statutory time period.

[Defendant's motion granted.]

Decided: November 1, 2000

*Neville Peterson & Williams* (*John M. Peterson*, *Maria E. Celis*, and *Curtis W. Knauss*), for Plaintiffs.

*David W. Ogden*, Assistant Attorney General of the United States; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Franklin E. White, Jr.*), for Defendant.

## OPINION

**EATON, JUDGE:**  Plaintiffs seek judicial review of the Secretary of Labor's ("Secretary") denial of their petition for certification of eligibility to apply for trade adjustment assistance under the Trade Act of 1974, 19 U.S.C. §§ 2271–2322, 2395 (1994).  The United States ("Government") on behalf of the Secretary moves pursuant to USCIT R. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.  The Government asserts that Plaintiffs commenced this action beyond the sixty-day statutory time period within which an aggrieved party may file suit under 28 U.S.C. § 1581(d)(1) (1994) to contest a final determination of the Secretary with respect to the eligibility of workers for trade adjustment assistance.  Plaintiffs claim that jurisdiction is properly invoked because the sixty-day statutory time period for commencing an action under 28 U.S.C. § 1581(d)(1) is subject to equitable tolling and should, under the facts, be equitably tolled.  The Court for the reasons set forth below grants the Government's motion to dismiss.

## STANDARD

Because they seek to invoke the court's jurisdiction, Plaintiffs have the burden of proving its existence by a preponderance of the evidence.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  Where the movant, in this case, the Government, presents a factual attack on the court's jurisdiction by alleging that an action is time barred, see Takashima U.S.A., Inc. v.

<u>United States</u>, 19 CIT 673, 677, 886 F. Supp. 858, 861 (1995), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977); <u>see</u> <u>Cedars-Sinai Med. Ctr. v. Watkins</u>, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993); <u>see also</u> <u>Gibbs v. Buck</u>, 307 U.S. 66, 71–72 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."). Accordingly, this Court, pursuant to an evidentiary hearing held on July 26, 2000, makes the following findings of fact.

## FACTS

On March 18, 1999, Dorothy Sharp, Donna Williams, and Roger Barnes, on behalf of 294 workers at the Cherry Hill, New Jersey, production facility of Siemens Information Communication Networks, Inc. ("Siemens"), filed a petition for certification of eligibility to apply for trade adjustment assistance. (Pls.' Ex. 1.) The petition was filed in anticipation of layoffs that were scheduled to begin on May 28, 1999, resulting from the impending shutdown of the Cherry Hill facility.

Following an investigation conducted by the Department of Labor's Office of Trade Adjustment Assistance ("OTAA"),[1] Grant D. Beale, the OTAA Acting Director and certifying officer,[2] issued a negative determination thus denying the Siemens workers' petition for

---

[1] OTAA is responsible for investigating petitions filed by or on behalf of a group of workers for certification of eligibility to apply for trade adjustment assistance. 29 C.F.R. § 90.12 (1999).

[2] A certifying officer is an official in the Department of Labor's Employment and Training Administration to whom the Secretary has delegated the responsibility of making

certification.   See Notice of Determinations Regarding Eligibility to Apply for Worker

Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 64 Fed. Reg. 27,810

(May 21, 1999).[3]  Mr. Beale notified the petitioners of the Secretary's negative determination by

individual letters dated May 3, 1999.  (Pls.' Ex. 2.)  Each letter further informed the recipient that

the workers had 30 days from the date of the publication of the determination in the Federal

Register in which to request administrative reconsideration.

Following the instructions in this letter, Ms. Sharp and Ms. Williams promptly wrote to

the Secretary requesting reconsideration of the negative determination.  (Pls.' Ex. 4.)  Petitioners'

request for reconsideration was denied and, by letter dated July 27, 1999 ("July 27 letter"), Mr.

Beale notified the petitioners of the denial and of the availability of judicial review.  The July 27

---

determinations and issuing certifications of eligibility for trade adjustment assistance.  29 C.F.R. § 90.2.  Hereinafter any references to the "Secretary" include such delegate.

[3]      A group of workers is eligible to apply for trade adjustment assistance if the Secretary determines:

> (1)  that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
>
> (2)  that sales or production, or both, of such firm or subdivision have decreased absolutely, and
>
> (3)  that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a).  In this case, the Secretary determined that the Siemens workers failed to meet the group eligibility requirement of 19 U.S.C. § 2272(a)(3).  See 64 Fed. Reg. at 27,810.

letter states in relevant part:

> The Department of Labor has recently issued a notice of negative determination regarding application for reconsideration for the above referenced firm. Enclosed is a copy of the notice which will be published shortly in the Federal Register.
>
> You have sixty days from the date this decision is published in the Federal Register to file for judicial review of the Department's negative determination. Petitions for judicial review must be filed with the U.S. Court of International Trade, 1 Federal Plaza, New York, New York 10007. Further information regarding procedures or instituting an action in the U.S. Court of International Trade may be obtained from the Office of the Clerk at the above address. The phone number for the clerk of the Court is (212) 264-7090.
>
> There are other training and reemployment services available to dislocated workers through the Economic Dislocation and Worker Adjustment Assistance (EDWAA) program under Title III of the Job Training Partnership Act (JTPA). The workers are encouraged to inquire about their State's plans for providing job training, job search, relocation and other reemployment services to unemployed and dislocated workers under this program.
>
> For further information on assistance under Title III of the JTPA, you should contact Mr. Thomas Drabik, Director, Rapid Response Team, Labor Management Committee, New Jersey Department of Labor, CN 058, Trenton, NJ 08625, telephone 1-800-343-3919.
>
> If we may be of further assistance you may call this office at (202) 219-4820.

(Pls.' Ex. 5.) Notice of the negative determination regarding the Siemens workers' application for reconsideration was published in the Federal Register on August 11, 1999. See Siemens ICN a/k/a Siemens Information Communications Networks, Inc., Cherry Hill, NJ; Notice of Negative Determination Regarding Application for Reconsideration, 64 Fed. Reg. 43,728 (August 11, 1999).

Plaintiffs, however, made no immediate attempt to contact this court. Instead, according to the testimony of Mr. Lawrence Scott, one of the former Siemens employees, they "decided that [they] would go directly to Mr. Beale." (Transcript of July 26, 2000 evidentiary hearing ("Tr.") 29:5–6.) Consequently, Ms. Sharp and Mr. Scott called Mr. Beale in early September 1999. Mr. Scott told Mr. Beale during this conversation that he possessed important information regarding the Siemens denial, and that he wished to present it to him. Unable to recall the exact status of the Siemens case, and without attempting to ascertain the status of the callers' petition, Mr. Beale stated in reply that "[t]his [was] not a[n] unlimited denial process" (Tr. 13:24–25), but did not discourage Mr. Scott from submitting the additional documentation. Mr. Scott and Ms. Sharp ended the call without making any inquiries with respect to the July 27 letter, or to the sixty-day time limit for seeking judicial review mentioned therein.

On or about September 27, 1999, Mr. Scott attempted to fax to Mr. Beale a letter and other materials which had been compiled for his review. (Pls.' Ex. 8.) On September 29, 1999, upon discovering that the documents had been faxed to a wrong number, Mr. Scott and Ms. Sharp resubmitted them to Mr. Beale via a facsimile. Some days later, copies of these documents were routed to Mr. Beale, who took note of their arrival but did not review them. The documents were assigned to a program analyst for response.

In the interim, Mr. Scott wrote letters to several New Jersey legislators and government officials, requesting their assistance concerning what he described as the Siemens workers' "final appeal to the DOL." (Letter from Lawrence Scott to the Honorable Christine Todd Whitman, Governor of New Jersey, of 10/1/99, Pls.' Ex. 9.) On October 5, 1999, Mr. Scott forwarded

copies of this correspondence to Mr. Beale.

On October 25, 1999, Edward A. Tomchick, the OTAA Director, sent a letter to Mr. Scott informing him that the Secretary could not grant the Siemens workers' request for "another appeal." (Pls.' Ex. 10.) Mr. Tomchick's letter provided, in part:

> We cannot comply with your request. On July 19, 1999, the [Secretary] issued a notice of negative determination regarding application for reconsideration applicable to workers of the subject firm. Included with your [faxed] enclosures [to Mr. Beale] was the [Secretary's] July 27 letter to Ms. Donna Williams notifying her that for the purposes of judicial review, the [Secretary's] determination was final and further appeal would have to be pursued with the United States Court of International Trade (USCIT). Ms. Williams was provided information on filing deadlines and how to contact the USCIT.

(Id..)

After reading this letter, Mr. Scott, proceeding pro se and on behalf of the Siemens workers, sought judicial review by letter to this court dated November 3, 1999. The Clerk of the Court deemed this letter a summons and complaint filed on November 4, 1999, the date of receipt. Thereafter, the Government moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that Plaintiffs had failed to commence the instant action within the statutorily-prescribed sixty-day period.

On January 28, 2000, Mr. Scott made an application for appointment of counsel, which the Court granted. Thereafter, Plaintiffs filed their response, generally alleging that: (1) the sixty-day statutory time period for commencing an action to contest a final determination of the

Secretary under 19 U.S.C. § 2273 is subject to equitable tolling; and (2) equitable tolling of the

sixty-day period is warranted because, although Plaintiffs acted with due diligence, the Secretary

induced them to file an untimely complaint by leading them to believe that their petition was still

under active reconsideration. Consequently, Plaintiffs request that the Court toll the sixty-day

time period, beginning on September 27, 1999, the date on which Plaintiffs first attempted to

submit additional documentation to Mr. Beale,[4] and ending on October 25, 1999, the date of the

letter by which Plaintiffs claim the Secretary belatedly informed them that further reconsideration

was unavailable. Plaintiffs submit that, by tolling the sixty-day period, several days remained

within which the complaint could have been and, in fact, was timely filed.

In its reply, the Government maintains that: (1) the sixty-day period for commencing suit

is not subject to equitable tolling; and (2) in the event that equitable tolling were available,

Plaintiffs are not, under the facts of this case, entitled to equitable modification of the statutory

time period.

## DISCUSSION

The questions presented are: (1) whether equitable tolling is available in actions

challenging a final determination of the Secretary under 19 U.S.C. § 2273 as to the eligibility of

workers for trade adjustment assistance; and (2) whether equitable tolling is applicable on the

---

[4] Plaintiffs contend that tolling of the statutory filing period should begin on the date on which the Secretary by its agent, i.e., Mr. Beale, allegedly induced Plaintiffs to believe that their petition was under further administrative reconsideration. However, as they are unable to ascertain the exact date of their "early September 1999" phone call to Mr. Beale, Plaintiffs ask in the alternative that the Court toll the sixty-day period from the date of their first attempted submission. (Pls.' Mem. Opp'n to Mot. Dismiss at 17.)

facts of this case. The Court has jurisdiction to resolve these questions under 28 U.S.C. §

1581(d)(1), and concludes that equitable tolling is available but that the facts of this case do not

support Plaintiffs' claim.

## I.  The Availability of Equitable Tolling

The timeliness of actions brought under 28 U.S.C. § 1581(d)(1) is governed by 28 U.S.C.

§ 2636(d).  See Former Employees of ITT v. Sec'y of Labor, 12 CIT 823, 824 (1988); Former

Employees of Badger Coal Co. v. United States, 10 CIT 693, 694, 649 F. Supp. 818, 819 (1986).

The statute provides:

> § 2636.  Time for commencement of action
>
> (d)      A civil action contesting a final determination of the
>           Secretary of Labor under section 223 of the Trade Act of
>           1974 . . . is barred unless commenced in accordance with
>           the rules of the Court of International Trade within sixty
>           days after the date of notice of such determination.

28 U.S.C. § 2636(d) (1994); see also 19 U.S.C. § 2395(a) (specifying that an aggrieved party

"may, within sixty days after notice of such determination, commence a civil action in the United

States Court of International Trade").  A "final determination" of the Secretary includes a

negative determination on an application for reconsideration.  See 29 C.F.R. § 90.18(e) (1999)

(stating that such decisions "shall constitute a final determination for purposes of judicial

review"); see also 29 C.F.R. § 90.19(a) (identifying the array of final determinations that may be

issued by the Secretary pursuant to the Trade Act of 1974).  By statute, the Secretary is required

to publish its final determinations in the Federal Register.  See 19 U.S.C. § 2273(c).  Publication,

according to the regulations, constitutes constructive notice and begins the running of the sixty-

day period.  See 29 C.F.R. § 90.19(a).  Pro se plaintiffs are not excepted from the application of

this constructive notice rule.  See Kelley v. Sec'y, United States Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).[5]


Although the statutory language does not expressly provide for equitable tolling of the sixty-day period, the Supreme Court has held that time limits on suits against the government are presumptively subject to equitable tolling.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); accord Bailey v. West, 160 F.3d 1360, 1364 (Fed. Cir. 1998) (en banc); US JVC Corp. v. United States, 22 CIT __, __, 15 F. Supp. 2d 906, 911 (1998), aff'd, 184 F.3d 1362 (Fed. Cir. 1999).  In Irwin, the Supreme Court articulated a "more general rule to govern the applicability of equitable tolling in suits against the Government."  Irwin, 498 U.S. at 95.

> Once Congress has made . . . a waiver [of sovereign immunity],
> we think that making the rule of equitable tolling applicable to
> suits against the Government, in the same way that it is applicable
> to private suits, amounts to little, if any, broadening of the
> congressional waiver. . . . We therefore hold that the same
> rebuttable presumption of equitable tolling applicable to suits
> against private defendants should also apply to suits against
> the United States.  Congress, of course, may provide otherwise
> if it wishes to do so.

Id. at 95–96.  In short, equitable tolling is presumed to be available against the government unless rebutted by evidence that Congress has provided otherwise.[6]  Thus, the Court must

---

[5]        The Government in its memorandum in support of Defendant's Motion to Dismiss cites Kelley and its progeny in support of its argument that the sixty-day time period be strictly construed.  (Def.'s Mem. Supp. Mot. Dismiss at 4–5.)  These decisions do not, however, discuss the doctrine of equitable tolling.  Furthermore, the Court is not aware of any decision addressing the availability of equitable tolling in an action commenced against the United States pursuant to 28 U.S.C. § 1581(d)(1).

[6]        The Government, relying primarily on Stone v. INS, 514 U.S. 386 (1995), claims that 28 U.S.C. § 2636(d) and 19 U.S.C. § 2395(a) are "timing of review provisions," that is, statutes which establish a time limit for removing to another forum, and are, therefore, not

analyze the language and structure of the sixty-day statutory time limitation, as well as any relevant legislative history, in order to determine whether equitable tolling would impermissibly enlarge the waiver of sovereign immunity contained in 28 U.S.C. § 1581(d)(1). See United States v. Beggerly, 524 U.S. 38, 48 (1998) ("Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute."); Stone Container Corp. v. United States, 22 CIT __, __, 27 F. Supp. 2d 195, 196 (1998) (emphasizing that "the statutory language is the key"), aff'd, Nos. 99-1333, -1334, 2000 WL 1514376 (Fed. Cir. Oct. 12, 2000); US JVC Corp., 15 F. Supp. 2d at 913; see also United States v. Brockamp, 519 U.S. 347, 350 (1997) (addressing what it described as "Irwin's negatively-phrased question: Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?"). Applying the requisite congressional intent analysis, the Court concludes that the presumption of equitable tolling is not rebutted in this instance.

---

subject to equitable tolling. (Def.'s Reply Mem. Supp. Mot. Dismiss at 3.) However, the legislative history of the Customs Court Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727, which enacted 28 U.S.C. § 2636(d) and added 19 U.S.C. § 2395(a) to the Trade Act of 1974 in lieu of the judicial review provision previously contained therein, states that section 2636 "sets forth the various statutes of limitations governing the commencement of civil actions in the Court of International Trade." H.R. Rep. No. 96-1235, at 56 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3734; see also Former Employees of Rocky Mountain Region Office of Terra Res., Inc. v. United States, 13 CIT 427, 428, 713 F. Supp. 1433, 1434 (1989) (referring to 19 U.S.C. § 2395(a) as a "statute of limitation").

Even assuming that these statutes are exclusively "timing of review" provisions, distinct from statutes of limitations, the Court remains unpersuaded. As acknowledged by the Government in Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Def.'s Reply Mem. Supp. Mot. Dismiss at 3), the majority of the en banc court in Bailey concluded that statutes specifying the time for review are not exempt from the generally applicable rebuttable presumption of equitable tolling articulated in Irwin. See Bailey, 160 F.3d at 1366–67.

Complexity in the manner in which a statute sets forth a time limitation may be interpreted as an indication of congressional intent to deny the availability of equitable tolling. Cf. Brockamp, 519 U.S. at 350 (stating that "fairly simple language . . . can often [be] plausibly read as containing an implied 'equitable tolling' exception"); see also Bailey, 160 F.3d at 1365 (noting in its determination that statute under consideration was subject to equitable tolling the absence therein of "highly detailed, technical, or repetitive" language). Here, neither the language nor the structure of 28 U.S.C. § 2636(d) is complex. As observed in a prior opinion of this court, 28 U.S.C. § 2636 contains no alternative time limitations, administrative preconditions, or express tolling provisions of any kind. See Stone Container Corp., 22 CIT at __, 27 F. Supp. 2d at 197. The corresponding provision, 19 U.S.C. § 2395(a), merely reiterates the sixty-day time limit in similarly straightforward terms. In fact, none of the linguistic factors considered by other courts as evidence tending to rebut the Irwin presumption of equitable tolling are present here. See, e.g., Brockamp, 519 U.S. at 352 (detailed, technical language set forth in complicated statutory framework); Weddel v. Sec'y of Health and Human Servs., 100 F.3d 929, 932 (Fed. Cir. 1996) (clear language creating "cut-off date" for filing of petition which was unconnected to date of accrual of claim). Furthermore, the inclusion in 28 U.S.C. § 2636(d) of the phrase "barred unless commenced" does not demonstrate a congressional intent contrary to equitable tolling. See Irwin, 498 U.S. at 95.

Finally, the relevant legislative history fails to disclose any intent on the part of Congress to prohibit equitable tolling. Indeed, the remedial purpose of the trade adjustment assistance program, see Former Employees of Rocky Mountain Region Office of Terra Res., Inc. v. United States, 13 CIT 427, 429, 713 F. Supp. 1433, 1435 (1989), supports the conclusion that equitable

tolling is available in this context.

Therefore, the Court concludes that the Irwin presumption of equitable tolling is not rebutted and, under the proper set of facts, may be applied to toll the sixty-day time period for commencing an action under 28 U.S.C. § 1581(d)(1) to contest a final determination of the Secretary under 19 U.S.C. § 2273.

## II.  Application of the Law of Equitable Tolling to the Facts

Here, the Court is confronted with good faith on all sides.  There is little doubt that Plaintiffs, even after receiving the July 27 letter, believed themselves to be in some sort of administrative appeals process.  There is equally little doubt that the Secretary took no active role in encouraging this belief.  Since Plaintiffs did not act with due diligence to preserve their right to judicial review, however, the facts and the law require the Court to reject Plaintiffs' tolling claim on its merits.

Equitable tolling is generally limited to situations where a claimant has actively pursued judicial relief by filing a defective pleading within the statutory time period, or where a claimant has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Irwin, 498 U.S. at 96; accord Bonneville Assocs., LP v. Barram, 165 F.3d 1360, 1365 (Fed. Cir. 1999); Pope Prods., Div. of Purex v. United States, 15 CIT 484, 487 (1991).  Equitable tolling is not available where the plaintiff failed to exercise due diligence.  See Irwin, 498 U.S. at 96 ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.");  Bonneville, 165 F.3d at 1365.  Whether a plaintiff has acted with

due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person.

See Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 (2d Cir. 1993); see also Valverde v. Stinson, 224

F.3d 129, 134 & n.4 (2d Cir. 2000). Consequently, the Court must determine whether, under the

circumstances presented, a reasonably prudent plaintiff similarly situated, i.e., knowing all that

Plaintiffs did regarding the existence of their claim, would have ignored the instructions in the

July 27 letter. The Court concludes that, under the facts, no reasonably prudent plaintiff would

have disregarded this notice.

First, the July 27 letter provided Plaintiffs with timely, actual notice of the Secretary's

final determination. In addition, the letter explicitly informed Plaintiffs that they had sixty days

from the date of publication within which to file for judicial review. Thus, Plaintiffs were on

notice of both the relevant denial and the sixty-day filing deadline. Compare Wally Packaging,

Inc. v. United States, 7 CIT 19, 22, 578 F. Supp. 1408, 1411 (1984) (holding that equitable

tolling was not available where plaintiff had received from agency notice of adverse

determination and of filing deadline but chose to defer filing suit).

Second, although Plaintiffs subsequent to their conversation with Mr. Beale, and up until

receipt of Mr. Tomchick's letter of October 25, 1999, believed that they were in the midst of an

administrative reconsideration process, this mistaken belief does not justify equitable tolling.

See Bergstein v. Jordache Enters., Inc., No. 90 Civ. 1461 (SAS), 1995 WL 453358, *3 (S.D.N.Y.

Aug. 1, 1995) ("Mere mistake, misunderstanding, or lack of knowledge is not sufficient grounds

for tolling . . . ."); see also Bonneville, 165 F.3d at 1366 (holding that plaintiff's alleged mistaken

assumption with respect to its ability to reinstate previously withdrawn appeal was insufficient

basis for equitable tolling).

Third, Plaintiffs' allegations of "inducement" or "trickery" based upon their telephone conversation with Mr. Beale are untenable. Nothing contained in the testimony of any witness suggests that Mr. Beale actively led Plaintiffs astray. Ms. Sharp acknowledged in her testimony that Mr. Beale did not advise Plaintiffs to disregard the sixty-day filing deadline. In fact, the sixty-day period was never even discussed during the telephone conversation between Plaintiffs and Mr. Beale. Moreover, the Court credits Mr. Beale's testimony regarding the frequency with which he receives calls from trade adjustment assistance claimants, and the cautious manner in which he is obliged to respond to a caller's questions as to how to proceed on a particular claim. Specifically, Mr. Beale testified that he is always careful to avoid "crossing over the line into giving somebody advice as to what to do." (Tr. 60:12–14.) In sum, Mr. Beale made no express oral representations that could possibly have "lulled" Plaintiffs into letting the sixty-day period lapse. Compare Bailey, 160 F.3d at 1361; Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091–92 (D.C. Cir. 1985) (concluding that plaintiff's alleged reliance on explicit assurances of government official "clearly pl[ed] equitable considerations which may excuse noncompliance with the filing requirement"); see also Rios v. AT & T Corp., 36 F. Supp. 2d 1064, 1068 (N.D. Ill. 1999) (observing that, "[i]n cases where equitable tolling principles have been applied, courts have relied on explicit oral or written statements in holding that plaintiffs were lulled into inaction"), aff'd, 210 F.3d 375 (7th Cir. 2000) (unpublished disposition). In Bailey, for example, the Federal Circuit concluded that a veteran's reliance on the assistance offered by a veterans benefits counselor at the Department of Veterans Affairs concerning the filing of a notice of appeal and, specifically, the counselor's assurance that the filing of the notice would "get his

appeal started and that she would take care of it," <u>Bailey</u>, 160 F.3d at 1361, sufficiently made out a case for equitable tolling. <u>Id.</u> at 1365. Mr. Beale, unlike the government official in <u>Bailey</u>, did not in any way assist Plaintiffs with, or assume any responsibility for, their actions. Mr. Beale's acquiescence with respect to the receipt of further material is simply not enough to find that he induced Plaintiffs to ignore the instructions in the July 27 letter.

Similarly, Mr. Beale's failure to ascertain the status of the Siemens case during his brief conversation with Mr. Scott, or to dissuade Plaintiffs from submitting additional documentation, cannot be said to have "induced" them into missing the filing deadline. <u>See</u> <u>Bonneville</u>, 165 F.3d at 1366 (noting in its denial of plaintiff's request for equitable tolling that there existed "no claim that any government official advised [it] to follow the course it chose"); <u>Villasenor v. Lockheed Aircraft Corp.</u>, 640 F.2d 207, 208 (9th Cir. 1981) (per curiam) (holding that equitable tolling was not available where plaintiff, "'under the impression'" that he should postpone filing suit, failed to show that he was affirmatively misled by defendant into so doing); <u>Pope Prods.</u>, 15 CIT at 487 (noting in its finding that tolling was inapplicable to case at bar that "government [had done] nothing to prevent the filing of a complaint").

Furthermore, Plaintiffs' allegations with respect to the confusion created in their minds by the July 27 letter are unavailing. First, Plaintiffs assert that the inclusion in the last line of this letter of a phone number at which the Secretary might be contacted for "further assistance" misled them as to the existence of their claim. No such confusion should have existed here. Plaintiffs were provided with information sufficient to advise them of their right to judicial review, and to enable them to contact the Clerk of the Court for further information regarding the

procedures for obtaining such review.  Second, Plaintiffs argue that the Secretary's failure to

include the word "final" in conjunction with its reference to the contested determination was also

misleading.  This argument is equally unconvincing, since the next paragraph provided clear

instructions with respect to seeking judicial review.  In any event, Plaintiffs could have contacted

the Clerk of the Court to resolve any questions they may have had.  All of this leads to the

conclusion that Plaintiffs failed to act with due diligence and, consequently, are not entitled to

equitable tolling.

Finally, in addition to their other arguments, Plaintiffs allege that 19 U.S.C. § 2275[7]

requires that the Secretary have alerted them, prior to the running of the sixty-day period, that the

administrative investigation was closed and that the Secretary's determination was, in fact, final.

(Pls.' Mem. Opp'n to Mot. Dismiss at 13–14.)  Plaintiffs' reliance on 19 U.S.C. § 2275 is,

however, misplaced.  This statute refers to the Secretary's general duty to provide information to

workers regarding the benefits and services available under the trade adjustment assistance

---

[7]    The statute provides, in relevant part:

§ 2275.  Benefit information for workers

(a)    The Secretary shall provide full information to
       workers about the benefit allowances, training,
       and other employment services available under
       this part and about the petition and application
       procedures, and the appropriate filing dates, for
       such allowances, training and services.  The Secretary
       shall provide whatever assistance is necessary to
       enable groups of workers to prepare petitions or
       applications for program benefits . . . .

19 U.S.C. § 2275.

program, as well as information regarding application procedures and filing deadlines. See H.R. Conf. Rep. No. 97-208, at 1001 (1981), reprinted in 1981 U.S.C.C.A.N. 1010, 1363; see also H.R. Rep. No. 97-158, vol. III, at 268 (1981). Section 2275 does not, however, place on the Secretary any additional and continuing notification responsibilities following a negative determination on an application for reconsideration. Cf. Former Employees of Westmoreland Mfg. Co. v. United States, 10 CIT 784, 790, 650 F. Supp. 1021, 1026 (1986) (finding no correlation between application of one-year qualifying rule with which workers petitioning for trade adjustment assistance must comply and Secretary's duty to inform under section 2275). The Secretary, by publication of its final determination in the Federal Register, satisfied its statutory obligation under 19 U.S.C. § 2273(c) to inform Plaintiffs of the relevant determination. By the July 27 letter, the Secretary provided Plaintiffs with information adequate to advise them of the existence of their claim for judicial review. Despite Plaintiffs' contention that the Secretary had occasion to again notify them that the administrative review process had been terminated, Plaintiffs have failed to establish that further action was required of the Secretary.

Thus, Plaintiffs have not, on the facts, shown that they are entitled to equitable tolling of the sixty-day statutory time period. The Court is therefore without jurisdiction to review this action.

## CONCLUSION

The Court has considered the parties' remaining arguments and finds them to be without merit. For all of the foregoing reasons, the Court grants the Government's motion to dismiss for

lack of subject matter jurisdiction.  Judgment is entered accordingly.

_____
Richard K. Eaton, Judge

Dated:  November 1, 2000
        New York, New York