Slip Op. 03 - 166

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| FORMER EMPLOYEES OF MOTOROLA, INC. | : | |
| Plaintiffs, | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| THE UNITED STATES DEPARTMENT OF LABOR | : | Court No. 02-00820 |
| Defendant. | : | |

[Plaintiffs brought this action challenging the Department of Labor's decision denying the former employees of Motorola, Inc.'s Arlington Heights, IL facility certification for Trade Adjustment Assistance benefits. The Department of Labor moved to dismiss this action on the ground that it was filed 21 days after the 60 day period provided by 19 U.S.C. § 2395(a) and 28 U.S.C. § 2636(d) to bring such an action had expired. **HELD:** As Plaintiffs' suit was untimely and Plaintiffs have not demonstrated a basis for equitable tolling of the statute of limitations, the Department of Labor's Motion to Dismiss is granted.]

Decided: December 17, 2003

*Sonnenberg & Anderson* (*Paul S. Anderson* and *M. Jason Cunningham*) for plaintiffs.

*Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*John H. Williamson*), and Employment and Training Legal Services Division, Office of the Solicitor, U.S. Department of Labor (*Jayant Reddy*), of counsel, for defendant.

**OPINION**

Plaintiffs, former employees of Motorola Inc.'s Global Telecommunications Solution Sector,

Engineering Computing Level 2 Group located in Arlington Heights, Illinois, brought this action on

December 30, 2002 seeking judicial review of the negative determination by Defendant, the United

States Department of Labor ("Labor"), regarding their eligibility for trade adjustment assistance

benefits.  Presently before the Court is a motion by Labor to dismiss this action for lack of

jurisdiction on the ground that Plaintiffs filed their summons and complaint with the Court outside

the 60 day time limit prescribed by 19 U.S.C. § 2395(a) and 28 U.S.C. § 2636(d).  For the reasons

which follow, Labor's motion is granted.

*Background*

Plaintiffs, acting *pro se*,[1] submitted a petition for trade adjustment assistance to Labor via

certified mail on December 14, 2001.  On March 7, 2002 Plaintiff's were notified via a form letter

that they were denied eligibility for trade adjustment assistance because they failed to meet one of

the eligibility requirements.  Attached to the form letter was a copy of Labor's negative

determination dated December 12, 2001, which was based on an investigation of an earlier petition

submitted by engineering and administrative employees of Motorola's Arlington Heights, Illinois

facility.

On May 2, 2002 Labor approved a petition for trade adjustment assistance submitted by

former employees of Motorola's Global Telecommunications Solution Sector and Commercial,

Government, Industrial Solutions Sector in Schaumburg, Illinois.  Plaintiffs subsequently contacted

a trade adjustment assistance representative with the Illinois Department of Employment Security

("IDES"), who advised them to petition Labor to amend the certification for the Schaumburg facility

---

[1]  Present counsel for Plaintiffs was appointed by the Court on March 4, 2003.

to include the Arlington Heights facility.  On June 25, 2002 Plaintiffs submitted a formal request for such an amendment.  Labor treated this request for amendment as a request for reconsideration of another negative determination of the Arlington Heights employees eligibility for trade adjustment assistance dated June 27, 2002.  In a decision dated October 1, 2002 Labor once again determined that Plaintiffs were ineligible for trade adjustment assistance.  The cover letter to this decision, dated October 2, 2002, stated that "interested parties have 60 days from the date this decision is published in the Federal Register to file for judicial review."   The decision was published in the Federal Register on October 10, 2002, and the 60 day period during which Plaintiffs were permitted to file an action in this Court ended December 9, 2002.  Plaintiffs' letter, constituting their summons and complaint, was filed with the Court on December 30, 2002.

## *Discussion*

Plaintiffs acknowledge that they commenced this action after the 60 day period had expired, but argue that the doctrine of equitable tolling should apply in this case since they exercised "the requisite due diligence in pursuing their claim."  Mem. in Supp. of Pl.s' Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Br.") at 6.  In *Former Empl. of Siemens Info. Comm. Networks, Inc. v. Herman*, 24 CIT 1201, 120 F. Supp. 2d 1107 (2000) the court explained:

> Equitable tolling is generally limited to situations where a claimant has actively pursued judicial relief by filing a defective pleading within the statutory time period, or where a claimant has been "induced or tricked by his adversary's misconduct into  allowing the filing deadline to pass."  Equitable tolling is not available where the plaintiff failed to exercise due diligence.  Whether a plaintiff has acted with due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person.

24 CIT at 1208, 120 F. Supp. 2d at 1114 (citations omitted).

In support of their argument, Plaintiffs note that when they were preparing their petitions for trade adjustment assistance they sought guidance from other workers who had experience filing such petitions.  After filing their petition, Plaintiffs' *pro se* representative avers that he regularly checked the status of their petition on Labor's website and contacted a representative with IDES for further assistance.  Moreover Plaintiffs allege that they were confused by the March 7, 2002 denial of their eligibility for trade adjustment assistance since the determination attached to the letter denying their eligibility pertained to an earlier  petition filed by other former employees at the Arlington Heights facility.   Plaintiffs' representative once again contacted a representative with IDES and at that person's recommendation filed a petition for Labor to amend the certification for the Schaumburg facility to include the Arlington Heights facility.   Finally, when Plaintiffs' received the denial of their petition to amend the certification, they allege that they were further confused by the fact that this was treated as a request for administrative reconsideration of a different decision than the one attached to the denial of eligibility they received on March 7.  Plaintiffs state that their representative "had little or no idea what Labor had actually received from him, what they had actually decided, and when he was expected to file a petition with this court based on the inconsistent notices from Labor." Pl.s' Br. at 8.

Although it is clear from the facts that Labor made an already complicated process even harder for Plaintiffs, despite its "obligat[ion] to conduct its investigations with the utmost regard for the interests of the petitioning workers," *Stidham v. U.S. Dep't of Labor*, 11 CIT 548, 551, 669 F. Supp. 432, 435 (1987), there is no evidence that Labor's actions prevented Plaintiffs from filing their summons and complaint within the 60 day period.  The cover letter dated October 2, 2002, which

accompanied the Notice of Negative Determination Regarding Application for Reconsideration,

plainly stated that the Notice would be published in the Federal Register and that interested parties

would have 60 days from the date of publication to file with this court for judicial review. Plaintiffs'

*pro se* representative "contacted the Court of International Trade in late October 2002 regarding his

options for judicial review." Pl.s' Br. at 3. Although Plaintiffs' representative was unable to access

forms the Office of the Clerk of the Court sent to him electronically, printed forms were

subsequently sent to him via the U.S. Postal Service and Plaintiffs do not allege that this delay

caused them to miss the filing deadline. Plaintiffs assert that their representative was unaware that

the documents would be deemed filed when they were received unless they were sent via certified

mail. Nevertheless, the documents were mailed eight days after the 60 day period expired. Thus,

the Court concludes that while Plaintiffs may have been reasonably diligent in pursuing their claim

for trade adjustment assistance prior to October 2002, the fact that they did not file their summons

and complaint by the December 9, 2002 deadline was at best an instance of simple neglect, which

does not provide grounds for equitable tolling. *See Bonneville Assoc. Ltd. v. Barram*, 165 F.3d 1360,

1365 (Fed. Cir. 1999) ("[T]he principals of equitable tolling . . . do not extend to what is at best a

garden variety claim of excusable neglect." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,

96 (1990))) .

Plaintiffs also argue that Labor never "properly considered [their] petition of December 12,

2001" and thus "substantial justice requires that they be allowed to proceed before this court and

plead their case on the merits, or alternatively that the matter be remanded to Labor for further

review." Pl.s' Br. at 11. While the degree of consideration Labor afforded Plaintiffs' petition is

uncertain, the October 2, 2002 cover letter clearly notified Plaintiffs that they had 60 days to seek redress in this court.  Because Plaintiffs did not satisfy this jurisdictional requirement, the substantive merits of their claim are not properly before the Court for review.

### *Conclusion*

For the foregoing reasons, Labor's Motion to Dismiss is granted.

_____
R. KENTON MUSGRAVE, JUDGE

Dated: December 17, 2003
      New York, New York