831 F.2d 508
 Wiley GOAD, Plaintiff/Appellee,
and
Nomia Goad, Plaintiff,
v.
CELOTEX CORPORATION; Eagle-Picher Industries, Inc.;
Owens-Corning Fiberglass Corporation; Keene
Corporation; H.K. Porter Company, Inc.;
Fibreboard Corporation,
Defendant/Appellant,
and
Johns Manville Sales Corporation; Armstrong Cork Company;
GAF Corporation; Unarco Industries, Inc.; Pittsburgh
Corning Corporation; Owens-Illinois, Inc.; Forty-Eight
Insulations, Inc.; Mundet Cork Corporation; Crown Cork &
Seal Company, Inc.; Raybestos-Manhattan, Inc., Defendant.
 No. 86-3540.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 8, 1987.
Decided Oct. 16, 1987.
 
 Archibald Wallace, III (Nathan H. Smith, Allan M. Heyward, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., on brief) for appellants.
 Charles Alan Wright, Austin, Tex. (Robert R. Hatten, Patten, Wornom & Watkins, Newport News, Va., Richard S. Glasser, Glasser & Glasser, Norfolk, Va., Joel I. Klein, Richard G. Taranto, Onek, Klein & Farr, Washington, D.C., Gary Wheeler Kendall, Michie, Hamlett, Donato & Lowry, Charlottesville, Va., on brief) for appellee.
 Before WIDENER and HALL, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 The defendants in this case, manufacturers of asbestos products, brought this interlocutory appeal from the decision of the district court granting the plaintiffs' motion to apply the Texas statute of limitations to this action. We affirm the order of the district court.
 
 
 2
 The plaintiffs, Wiley and Nomia Goad, instituted this diversity action in federal district court for the Eastern District of Texas, seeking recovery for injuries sustained by Wiley Goad from exposure to the defendants' products. Goad worked as an insulator for more than 20 years, and he claims to have been exposed to asbestos in at least seven eastern states,[1] plus the District of Columbia. He has never worked in Texas, and is a resident of Virginia. Upon learning of Goad's injuries, the Goads brought suit in the Texas federal district court. Texas applies what is called the discovery rule to actions for personal injury, so that a cause of action does not accrue until a person knows or reasonably could become aware of his injury. Plaintiffs conceive that, had this action been brought in Virginia, it would have a better chance to be barred, since the applicable Virginia statute did not embrace a discovery rule until 1985.[2] We need not decide that question, however. All of the defendants have marketed their products in Texas, and there is no question that they are all subject to personal jurisdiction in Texas. In addition, venue was proper under 28 U.S.C. Sec. 1391(c).[3] Nevertheless, the case was transferred, over plaintiffs' objection, to the Western District of Virginia under 28 U.S.C. Sec. 1404(a), which permits transfers "[f]or the convenience of parties and witnesses, in the interest of justice."
 
 
 3
 Upon the transfer from Texas to Virginia, plaintiffs filed their motion, asking that the district court apply the Texas statute of limitations. The district judge granted the motion, and defendants appeal that order.
 
 
 4
 In arguing that the Virginia statute ought to apply to this action, rather than the Texas statute, defendants' maintain that both the due process clause of the Fourteenth Amendment and the full faith and credit clause[4] require that every choice of law decision made by a state court be supported by "significant contacts" between the litigation and the state whose law is chosen. Their position is in direct opposition to the traditional rule that, in considering the appropriate statute of limitations in a case such as this, the law of the forum applies. The defendants assert that the precise question in this case, the constitutionality of what defendants call a contactless forum state's application of its own longer statute of limitations, has never been addressed by the Supreme Court. However, they say a recent Supreme Court case has cast doubt upon the traditional rule, and they urge us to find that the choice of Texas' statute of limitations in this case violates the federal Constitution. For the reasons set forth below, we find the defendants' argument to be without merit.
 
 
 5
 Aside from the defendants' constitutional claim, there is no dispute but that the Texas statute of limitations applies to this action. The case was filed in a federal district court in Texas, where both personal jurisdiction and venue were proper. Subject-matter jurisdiction was based on diversity of citizenship, 28 U.S.C. Sec. 1332. The district court in Texas was then obliged to make the same choice of law as would a Texas state court, Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), including the choice of a statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). When venue was transferred to the Western District of Virginia, the district court in Virginia was obliged to apply the same law that would have been applied by the Texas district court; only a change of courtrooms was effected. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).[5] Since the Texas state courts would apply Texas' own statute of limitations to this action,[6] under the traditional rule that the law of the forum applies to matters of procedure, the federal court in Virginia was required to apply the Texas statute.
 
 
 6
 Defendants do not contest the correctness of the preceding analysis, nor do they challenge the continuing vitality of the cases supporting it. Therefore, defendants' claim resolves itself to the proposition that the federal Constitution would prohibit a Texas state court from applying Texas' statute of limitations to this action.[7] We think defendants' arguments, however, rest on a fundamental misunderstanding of the nature of statutes of limitation.
 
 
 7
 Statutes of limitation represent a public policy judgment by a State as to the time at which an action becomes too stale to proceed in its courts. States rightly may be concerned about the prosecution of fraudulent claims and reliability of judgments rendered upon old claims, where memories may have faded, witnesses may have died, and evidence may have been lost. It has also been said that statutes of limitation also serve the interest of allowing defendants to rest assured that, after a certain period of time, their exposure to liability has ended. See, e.g., Wilson v. Johns-Manville Sales Corp., 684 F.2d 111, 118-19 (D.C.Cir.1982). It is felt, and we agree, that the principal purpose of limiting statutes is the prevention of stale claims, and that the repose of defendants is merely an incidental benefit of such statutes. See Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). Statutes of limitation, then, are primarily instruments of public policy and of court management, and do not confer upon defendants any right to be free from liability,[8] although this may be their effect.[9]
 
 
 8
 In contrast to statutes of limitation, statutes of repose serve primarily to relieve potential defendants from anxiety over liability for acts committed long ago. Statutes of repose make the filing of suit within a specified time a substantive part of plaintiff's cause of action. See, e.g., Bolick v. American Barmag Corp., 306 N.C. 364, 293 S.E.2d 415 (1982). In other words, where a statute of repose has been enacted, the time for filing suit is engrafted onto a substantive right created by law. The distinction between statutes of limitation and statutes of repose corresponds to the distinction between procedural and substantive laws. Statutes of repose are meant to be "a substantive definition of rights as distinguished from a procedural limitation on the remedy used to enforce rights." Bolick, 293 S.E.2d at 418, quoting Stevenson, Products Liability and the Virginia Statute of Limitations--A Call for the Legislative Rescue Squad, 16 U.Rich.L.Rev. 323, 334 n. 38 (1982). Statutes of limitation serve interests peculiar to the forum, and are considered as going to the remedy and not the fundamental right itself. See Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).[10] Virginia treats its relevant statute of limitations as bearing on the remedy and not on the plaintiff's right itself. Burk's Pleading and Practice, Sec. 231 (1952).
 
 
 9
 Contrary to defendants' assertion, this distinction does not exalt form over substance, nor does it subject the Constitution to the whims of the States in labeling their laws. Certainly, the labels applied by States do not control the outcome of constitutional adjudication. But, as the Supreme Court has recognized, the labels serve a useful purpose in describing the various interests underlying the two types of laws. "The abstract logic of the distinction between substantive rights and remedial or procedural rights may not be clear-cut, but it has been found a workable concept to point up the real and valid difference between rules in which stability is of prime importance and those in which flexibility is a more important value." Chase Securities Corp. v. Donaldson, 325 U.S. at 314, 65 S.Ct. at 1142.
 
 
 10
 Procedural rules protect the interest of the courts in the reliability of judgments, and in managing the progress of cases before them. They express the public policy of the forum State in granting or denying access to its courts. Substantive laws reflect a State's determination of the proper relationship between the people and property within its boundaries. The States are not strangers to the use of statutes of repose as a means of protecting manufacturers from liability for remote acts. Viewed in this light, defendants' argument fails on both points.
 
 Full Faith and Credit
 
 11
 There is no authority to support the theory that the full faith and credit clause limits the ability of a forum State to apply its own statute of limitations to a cause of action created by another State. To the contrary, the Court has explicitly decided and stated that "... the Full Faith and Credit Clause does not compel the forum state to use the period of limitations of a foreign state." Wells v. Simonds Abrasive Co., 345 U.S. 514, 517, 73 S.Ct. 856, 858, 97 L.Ed. 1211 (1953).
 
 
 12
 Since a statute of limitations serves primarily to protect the public policy of the forum State in not entertaining stale cases, we do not think that failure to apply the Virginia statute of limitations to this case impairs any interest of Virginia's. Virginia considers its relevant statute of limitations to be procedural, and has not enacted a statute of repose to protect vendors of asbestos.[11] Defendants' brief invokes the spectre, or sets up the strawman, depending on whose ox is being gored, of forum-shopping,[12] and asserts that Texas has no interest in the application of her longer[13] statute of limitations, citing cases from States which, as a matter of policy, have abandoned the traditional conflicts rule for limitations.[14] These arguments miss the point, however. It is the proper concern of Texas as to what rules best advance her interests, and it is not our role to invalidate Texas' choice of law because we might feel that it will clog the Texas courts with unwanted litigation. The state cases cited by defendants are completely consistent with this rationale; those States have made their decisions and Texas has made hers. Whatever may be the merits of a significant contacts or other similar rule, with respect to limitations of actions, it is better addressed to state courts and legislatures.
 
 Due Process
 
 13
 The defendants' due process claim must likewise fail. It is true that due process, like full faith and credit, puts certain limits on state choice-of-law decisions. See Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930) (due process). John Hancock Ins. Co. v. Yates (full faith and credit). These limits have been applied only to a State's choice of substantive law,[15] however, and none of the Supreme Court cases cited by defendants give any indication that a choice of procedural law implicates the federal Constitution. See, e.g., Allstate Insurance Co. v. Hague, 449 U.S. 302, 313, 101 S.Ct. 633, 640, 66 L.Ed.2d 521 (1981) (choice of substantive law may be restricted by constitution); see also Yates and Dick, supra (choice of substantive law limited, despite State's label as procedural).
 
 
 14
 The Supreme Court has repeatedly approved the constitutionality of the rule that the law of the forum applies for limitations purposes. E.g., Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). But defendants assert that none of the Supreme Court cases upholding application of the traditional rule are dispositive of this case, because none of those cases involved the application of a forum State's longer statute of limitations. Nothing in any Supreme Court case, however, indicates that this should make any difference. Virginia has no statute of repose, as contrasted with a statute of limitations, in favor of the defendants here. Had Virginia such a statute of repose, a better argument might be made. Defendants enjoy no right, then, fundamental or otherwise, in having Virginia's limitations' period applied to them. Therefore, the defendants cannot have been deprived of due process on that account by the district court's application of Texas' statute of limitations.
 
 
 15
 Defendants can claim no surprise at having the Texas statute applied in this case, which was originally filed in Texas. Unfair surprise is at the heart of the due process restrictions on state choices of law, see Hague at 326, 101 S.Ct. at 647, Justice Stevens concurring, surprise created by an arbitrary choice. It would often be unfair to subject a litigant to the substantive laws of a State with no significant contacts to the litigation, because people are thought to be capable of modifying their behavior in light of the prevailing law. To subject a party's conduct post hoc to rules that that party had no reason to expect might apply might truly be unfair. The defendants, though, had every reason to expect that Texas' statute of limitations would be applied to them in an action like this.
 
 
 16
 It has long been the rule that transitory actions may be filed in any court with jurisdiction over the defendants. An action for personal injury, such as this, is a perfect example of a transitory action. Defendants are bound to have known that by marketing their products in Texas they would subject themselves to the jurisdiction of the Texas courts. And, defendants had no reason to think that, were they sued in Texas, the Texas courts would apply any statute of limitations other than their own. The rule that the law of the forum determines the applicable statute of limitations has a long history in the federal courts,[16] and its application has been widespread. While long usage, by itself, may give little imprimatur to a law challenged as violative of due process, it is most relevant to whether defendants can claim surprise when the rule is applied to them. See Hague, at p. 317-18, 101 S.Ct. at 642-43.
 
 
 17
 Finally, we note that we do not attach the same significance as defendants to the language of the Supreme Court in Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The full extent of the Court's commentary on the traditional conflicts rule is as follows:
 
 
 18
 There has been considerable academic criticism of the rule that permits a forum state to apply its own statute of limitations regardless of the significance of contacts between the forum state and the litigation. [Citations omitted] But we find it unnecessary to express an opinion at this time as to whether any arguable unfairness rises to the level of a due process violation.
 
 
 19
 Id. at 778 n. 10, 104 S.Ct. at 1480 n. 10.
 
 
 20
 Defendants characterize this as a warning that the traditional rule is ripe for reconsideration. The most we can say, however, is that it indicates that the precise question has not yet been addressed by the Supreme Court. We take the language as we find it, that the Court has expressed no opinion on that matter.
 
 
 21
 In sum, our opinion is that the rule as applied here does not violate either the due process or full faith and credit clauses of the Constitution. We think the district court correctly followed the mandate of Klaxon, that its "... proper function ... is to ascertain what the state law is, not what it ought to be," 313 U.S. at 497, 61 S.Ct. at 1022, and the concurring opinion of Justice Stevens in Hague that "[i]t is not ... [the Supreme] Court's function to establish and impose upon state courts a federal choice-of-law rule...." 449 U.S. at 332, 101 S.Ct. at 650.
 
 
 22
 The order of the district court is accordingly
 
 AFFIRMED.[17]
 
 
 [1]
 Goad claims to have been exposed to asbestos in Virginia, West Virginia, North Carolina, Ohio, Kentucky, Maryland and Tennessee
 
 
 [2]
 Va.Code Sec. 8.01-249(4); but cf. Locke v. Johns-Manville Corp. 221, Va. 921, 275 S.E.2d 900 (1981)
 
 
 [3]
 28 U.S.C. Sec. 1391(c) provides that venue for a corporation is proper in any district "in which it is incorporated or licensed to do business or is doing business...."
 
 
 [4]
 United States Constitution, Art. IV, Sec. 1
 
 
 [5]
 Van Dusen held that a change of venue under 28 U.S.C. Sec. 1404(a) would not alter the applicable law in a case
 
 
 [6]
 See, e.g., California v. Copus, 158 Tex. 196, 309 S.W.2d 227, cert. denied, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). Neither Klaxon nor Guaranty Trust relied upon a substantive/procedural distinction but squarely upon Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Texas court did follow that distinction, but that is not material here. What is material is that the Texas courts would have applied the Texas statute of limitations
 
 
 [7]
 Their brief, p. 4, admits this much, although the factual premise in the brief, p. 28. is not accurate in that it assumes, contrary to the record, that the defendants had no significant contact with the Texas forum. The defendants' contacts with Texas were not only significant; they must be assumed to be in vast numbers. It is true, however, that this particular litigation has no contact with the Texas forum
 
 
 [8]
 "[Statutes of limitation] represent a public policy about the privilege to litigate. Their shelter has never been regarded as what is now called a 'fundamental' right or what used to be called a 'natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control." Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945)
 
 
 [9]
 Of course, where the discovery rule is in effect, the argument that the statute ensures anyone's repose is at least of less force
 
 
 [10]
 The Supreme Court has adopted the view that statutes of limitation go to remedies rather than rights in Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), and declined, in Chase Securities, to overrule Campbell. Of particular interest here is that in Chase Securities the Court rejected a Fourteenth Amendment challenge based on retroactivity, when Minnesota had retroactively given new life to a cause of action presently barred by a statute of limitations
 
 
 [11]
 As noted, Virginia, however, in 1985, enacted a statute utilizing a kind of discovery rule for asbestos related injuries. Va.Code Sec. 8.01-249(4) (1985). Prior to that, in 1981, the Virginia Court had held that, in an asbestos related cancer case, the statute of limitations started to run when the tumor appeared (when the injury occurred) rather than from the date of exposure. Locke v. Johns-Manville Corp., 221 Va. 951, 275 S.E.2d 900 (1981)
 
 
 [12]
 There is nothing inherently evil about forum-shopping. The statutes giving effect to the diversity jurisdiction under the Constitution, 28 U.S.C. Sec. 1332 (jurisdiction) and Sec. 1391 (venue) are certainly implicit, if not explicit, approval of alternate forums for plaintiffs. For example, Sec. 1391(a) provides a suit may be brought in the district where all of the plaintiffs or all the defendants reside, or where the cause of action arose; and Sec. 1391(c) provides that a corporation may be sued in any district in which incorporated, or is licensed to do business, or is doing business. Thus, complaints about forum shopping expressly made possible by statute are properly addressed to Congress, not the courts. It would require but a short logical step to conclude that the present case is in reality an attack on the venue statutes, a point we do not consider because not raised in the briefs. In any event, we note that state borrowing statutes guard against forum shopping. But that, too, is a legislative matter, but for the States
 
 
 [13]
 The defendants recognize the interest of the forum state in application of a shorter statute of limitations, but assert that the result should be different when the forum state seeks to apply its longer statute. With respect, the logic of this argument escapes us
 
 
 [14]
 See, e.g., Heavner v. Uniroyal, Inc., 62 N.J. 130, 305 A.2d 412 (1973) (statute of limitations of the State when the cause of action arises will be used if all parties are present and amenable to the jurisdiction of that State's courts)
 
 
 [15]
 The rule was stated by Justice Brennan in Hague, infra, 449 U.S. at 312-13, 101 S.Ct. at 639-40: "... for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact...." (Italics added)
 
 
 [16]
 See, e.g., M'Elmoyle v. Cohen, 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839)
 
 
 [17]
 In accord with this opinion are McVicar v. Standard Insulations, Inc., 824 F.2d 920 (11th Cir.1987), and Schreiber v. Allis-Chalmers Corp., 611 F.2d 790 (10th Cir.1979). Contra, Ferens v. Deere & Company, 819 F.2d 423 (3d Cir.1987), over a dissent