In re Esteban Angel **AGUILAR** and Dena Denise **Robinson**,
Debtors.

Gary J. Lyon and Jeanne G. Lyon, Plaintiffs,

v.

Esteban Angel Aguilar, Defendant.

Bankruptcy No. 7–08–13642 SA.
Adversary No. 11–1212 S.

United States Bankruptcy Court,
D. New Mexico.

March 13, 2012.

---

Gary J. Lyon, Reno, NV, pro se.

Jeanne G. Lyon, Reno, NV, pro se.

M. Eliza Stewart, Madison & Mroz PA, Albuquerque, NM, for Defendant.

### MEMORANDUM OPINION REGARD-ING PLAINTIFFS' MOTION FOR RECONSIDERATION

JAMES S. STARZYNSKI, Bankruptcy Judge.

■ This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Dismissing Complaint ("Motion") (doc. 12). Plaintiffs are self-represented. Defendant filed a Response (doc. 14). The Court will in fact reconsider its prior decision, but finds that the dismissal order was appropriate not only for the reasons stated, but for additional reasons as well. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

> Neither the Federal Rules of Civil Procedure nor the Bankruptcy Rules recognize a motion for reconsideration. *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (10th Cir. BAP 2002). Although, when filed [m]otions for "reconsideration" of a judgment should be treated as motions to alter or amend judgment under Rule 59(e) F.R.C.P., made applicable to bankruptcy by Rule 9023 Fed. R.Bankr.P. Under those rules, a party seeking to alter or vacate a judgment has 10 days from entry of the judgment to file a motion for such relief. Such motions will only be granted if there has been a mistake of law or fact or there is newly discovered evidence not previously available.

*In re Bushman*, 311 B.R. 91, 95 n. 5 (Bankr.D.Utah 2004) (Citation omitted). Rule 59 was amended in 2009 to increase the 10–day time periods to 28 days. Fed. R.Civ.P. 59 Advisory Notes. Relief may also be available under Rule 59 if there has been an intervening change in the controlling law. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); 11 Wright, Miller and Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 1995). Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Id.* See also *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir.2006). Rule 59 may not be used to relitigate old matters or reargue theories previously advanced and rejected. *Id.* Nor may Rule 59 be used to raise arguments or present evidence that could have been raised prior to the entry of the judgment. *Obriecht v. Raemisch*,

517 F.3d 489, 494 (7th Cir.2008), *cert. denied,* 555 U.S. 953, 129 S.Ct. 417, 172 L.Ed.2d 303 (2008) (old evidence); *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 404 (4th Cir.1998) (new arguments or novel legal theories that could have been raised prior to judgment).

## BACKGROUND

The Debtor (husband) in the bankruptcy case related to this adversary proceeding is an attorney that formerly represented the Plaintiffs. The Debtors filed their bankruptcy as a Chapter 11 on October 29, 2008 and then moved to convert to Chapter 7 on November 21, 2008. The deadline for complaints objecting to discharge or dischargeability was March 10, 2009.

Debtor's law practice, Aguilar Law Offices, P.C., filed a Chapter 11 case on October 16, 2008. The United States Trustee moved to convert or dismiss the case on June 18, 2009, and the Court converted it to a Chapter 7 on July 20, 2009.

On November 24, 2008 Plaintiffs filed a complaint in the United States District Court for the District of New Mexico against the Debtor (husband), the law firm, and John Does I–X. The Debtors' attorney filed a notice of bankruptcy in this District Court case on December 9, 2008, and the presiding judge statistically closed it on December 11, 2008.

On February 2, 2009 Plaintiffs filed one adversary proceeding, No. 09–1013,

against both the Debtors and Aguilar Law Offices, P.C., seeking a declaration that their claims were nondischargeable under sections 523(a)(2), (a)(4) and (a)(6). At the initial pretrial conference the Court and parties discussed the District Court lawsuit and its relation to the adversary. The minutes of that hearing (doc. 8) and resulting Order (doc. 9) show that the Court ordered the parties to discuss whether stay relief could be fashioned to try the case in the District Court, including the dischargeability issues, or whether the parties should ask that the reference be withdrawn, or, failing that the Plaintiff must file an amended complaint by April 27, 2009 that had to be a "short and plain statement" of the facts that complied with the "particularity" requirements of fraud pleading. On April 13, 2009 Plaintiffs filed a Motion for Relief from Automatic Stay in the adversary case (doc. 12)[1]. On April 27, 2009 the Court conducted a status conference and entered an Order on April 28, 2009 granting an extension until May 27, 2009 for Plaintiffs to file the amended complaint (doc. 14). On May 4, 2009 Plaintiffs filed another Motion for Relief from Automatic Stay in the adversary case (doc. 17). On May 4, 2009 Plaintiffs also withdrew the first stay motion stating that they had been informed it needed to be filed in the main bankruptcy case (doc. 18). On May 8, 2009 Plaintiffs withdrew the second stay motion for the same reason (doc. 19).[2] Plaintiffs filed the First Amended Com-

---

**1.** On April 30, 2009 the Debtors and Plaintiffs submitted a stipulated order in the Debtors' main bankruptcy case, No. 7–08–13642–SA granting relief from the automatic stay to allow the District Court lawsuit against Debtor (husband) to proceed.

**2.** On May 8, 2009 the Plaintiffs filed the Motion for Relief from Stay in the law office bankruptcy case, No. 7–08–13478–SA, doc. 59. At the preliminary hearing on the motion conducted on June 8, 2009, the parties agreed to stay relief. The order states, in part:

IT IS ORDERED that the automatic stay is terminated for the sole purpose of allowing Creditors to pursue claims pending in the United States District Court for the District of New Mexico against Debtor's insurance carrier so long as any recovery in excess of available insurance coverage is treated as an unsecured claim in this bankruptcy case, and so long as execution or other process to collect any award against Debtor (as opposed to any insurance coverage) remains stayed.

plaint on May 11, 2009 (doc. 20). The Amended Complaint named only the law office as a defendant, and the related bankruptcy case listed in the caption was the law office's bankruptcy case. The Court issued an alias summons on May 14, 2009 for service upon defendant "Aguilar Law Offices, P.C." with an answer due date of June 15, 2009 (doc. 21). On May 18, 2009 the Plaintiffs filed a motion requesting that the Court stay the adversary proceeding, stating as grounds:

> The Plaintiffs are requesting the Court stay the Adversary Proceeding because, if the Court grants the MOTION FOR RELIEF FROM AUTOMATIC STAY in Case No. 08–13478–SA [the law office bankruptcy], the Lyons would request that the Adversary proceedings be dismissed without prejudice.

(doc. 23). On May 26, 2009 Plaintiffs filed a certificate of service of the Alias Summons stating that service was made on the law office on May 22, 2009 (doc. 24). Aguilar Law Office did not file an answer to the complaint. *See* docket. On June 18, 2009 Plaintiffs filed a Motion to Dismiss the Adversary Proceeding without prejudice (doc. 28). The Plaintiffs then drafted and obtained the signature of Debtors' attorney, but not the signature of the law office's attorney, on an Order Granting Motion to Dismiss Adversary Proceeding without Prejudice, which was entered by the Court on July 9, 2009 (doc. 30).

Plaintiffs' next contact with the Bankruptcy Court was on December 5, 2011 when they filed the instant adversary proceeding, No. 11–1213–S against Debtor (husband). It is styled as a Complaint for Money Damages and Determination Excepting this Complaint's 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) Claims from Dischargeability. All facts alleged in the complaint deal with the time period of 2004 to 2006, except for one. In the introduction to the complaint Plaintiffs state:

> The claims of this complaint stem from new information in documents produced February, 2010 by Debtor as a Defendant in U.S. District Court Case 1:08–cv–01114–LFG–DJS. Plaintiffs contend Defendant fraudulently concealed this document causing damage to the Plaintiffs that is covered more fully in this complaint's Count 1—Breach of Contract (Paragraph 92). The proceedings for District Court Case 1:08–cv01114–LFG–DJS ended on October 3, 2011.

(Doc. 1)[3]. Defendant filed a Motion to Dismiss based on res judicata and lack of subject matter jurisdiction (doc. 5). De-

---

**3.** The statement that the District Court proceedings ended on October 3, 2011 is misleading. The Court has taken judicial notice of Case 1:08–cv–01114–LFG–DJS and has reviewed the docket and some opinions and orders filed in the case. On July 27, 2010, Judge Garcia entered doc. 111 ("Memorandum Opinion and Order Granting Defendants' Motion for Partial Summary Judgment and Dismissing with Prejudice all Claims Not Covered by Defendant's Professional Liability Insurance Policy"), doc. 112 ("Memorandum Opinion and Order Granting Defendants' Motion for Partial Summary Judgment on Plaintiff's Claims for Professional Malpractice and Breach of Fiduciary Duty in Handling of Claims against TRG"), doc. 113 ("Memorandum Opinion and Order Granting Defendants'

Motion for Partial Summary Judgment on Plaintiff's Claims for Professional Malpractice and Breach of Fiduciary Duty in Handling of Claims against Pelton"), doc. 114 (" 'Order of Dismissal' that dismissed all of Plaintiffs' claims against Defendants") and doc. 115 ("Judgment" in favor of Defendants on all of Plaintiff's claims.) The docket then shows that Plaintiffs filed a Notice of Appeal of docs. 111 through 115 to the Court of Appeals for the Tenth Circuit on August 25, 2010 (doc. 116), and that a Mandate from the Court of Appeals on March 22, 2011 affirming the District Court (doc. 120) was subsequently filed. Next, Plaintiffs filed a Petition for Writ of Certiorari on May 26, 2011 (doc. 121) which was denied by an Order of the Supreme Court on October 3, 2011 (doc. 122).

fendant also requested an injunction barring future filings regarding the same subject matter. *Id.* Plaintiffs filed a response (doc. 6). The Court conducted the initial pretrial conference on January 23, 2012 and allowed Plaintiffs to file a statement of factual and legal issues (doc. 7) and then took the Motion to Dismiss under advisement. Plaintiffs filed a statement of Factual and Legal Issues (doc. 7). This statement discusses the fraudulent concealment doctrine, behavior by an attorney that conflicts with established rules of professional conduct, and fraudulent misrepresentations to the Court. On February 9, 2011 the Court entered an Order Granting the Motion to Dismiss (doc. 10). The Court did not bar future filings or assess sanctions. On February 17, 2012 Plaintiffs filed the Motion for Reconsideration. (Doc. 12).

Plaintiffs' Motion seeks reconsideration of the Order Dismissing this adversary proceeding. In the Motion's Introduction section, it refers to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6)[4], 11 U.S.C. § 350(b)[5], Fed.R.Bankr.P. 4007(a), (b) and (e)[6], and Fed.R.Civ.P. 60(b)[7] as grounds for the reconsideration. The Motion then lists 9 "legal doctrines" that call for reconsideration:

| | Legal doctrine. | Comment. |
|---|---|---|
| 1. | Title 11 U.S.C. § 523(a)(2), (4) and (6). | *See* footnote 3. These sections are not relevant to reasons for reconsideration. |
| 2. | Fed.R.Bankr.P. 4007(a), (b) and (e). | *See* footnote 4. Rule 4007(b) is not relevant. |

4. These are the Bankruptcy Code's dischargeability of debt provisions for debts arising from fraud, defalcation of a fiduciary, and willful and malicious injuries.

5. Section 350(b) deals with reopening bankruptcy cases, not adversary proceedings.

6. Fed.R.Bankr.P. 4007 sets out the rules for the determination of dischargeability of a debt. Section (a) states that either a debtor or creditor can file a complaint to determine dischargeability. Section (b) states that the a complaint to determine dischargeability may be filed at any time *except* for complaints described in section 523(c). Section 523(c) provides that, except in certain conditions not relevant to this case, the debtor will be discharged from debts of the kind specified in paragraphs (2), (4) and (6) of subsection (a) unless, on request of the creditor, and after notice and a hearing, the court determines that that debt is excepted from discharge. Plaintiffs' complaint in this adversary proceeding is based on section 523(a)(2), (4) and (6) so Rule 4007(b) is not relevant to the facts of this case.

Fed.R.Bankr.P. 4007(c) is relevant to this case. It states that the time for filing section 523(c) complaints (*i.e.*, complaints under sections 523(a)(2), (4) or (6)) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). Section (e) of Rule 4007 simply states that any complaint to determine dischargeability must be filed as an adversary proceeding.

7. That rule provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

| 3. | Title 7, U.S.C. | Title 7, Chapters 1 through 114 deal with agriculture, so are not relevant. |
|---|---|---|
| 4. | NM LBR Addendum A. | This is the 1984 U.S. District Court Administrative Order that refers bankruptcy issues to the Bankruptcy Court. It is not relevant. |
| 5. | Title 28 U.S.C. § 157. | This section allows for Federal District Courts to refer bankruptcy matters to their bankruptcy courts and defines what bankruptcy judges may hear. It is not relevant. |
| 6. | Fed.R.Bankr.P. 9029. | This rule permits the promulgation of local rules. It is not relevant. |
| 7. | the U.S. Supreme Court's Fraudulent Concealment Doctrine. | discussed below. |
| 8. | *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir.1985) re: fraud upon the court. | discussed below. |
| 9. | the meaning and purpose of "without prejudice" language in a court order. | discussed below. |

### *FRAUDULENT CONCEALMENT*

■ Plaintiffs put forth their fraudulent concealment claims in the introduction to their second adversary complaint. It was quite clear that they based their claimed right to proceed upon new information. And, the Court specifically addressed that argument in the Order Dismissing Complaint (doc. 10). The Order refers to their allegation that on February 1, 2010 they first received a July 13, 2006 memorandum which was, figuratively, the smoking gun. The Order then acknowledges the theory of tolling a statute of limitations for reasons of fraud, but found that it should not apply because, in fact, Plaintiffs had already assumed, probably from other evidence in their possession, fraud, breach of fiduciary duty and willful and malicious injury when they actually filed the original adversary complaint alleging those causes of action. Had Plaintiffs done any discovery in that adversary proceeding they could have uncovered the smoking gun[8].

Instead, they voluntarily dismissed that adversary proceeding probably expecting to obtain full relief from the Debtor's insurance carrier in the District Court case. In retrospect that was a terrible judgment call, but it is not grounds to refile a case which was voluntarily dismissed years previously.

The Court finds that Plaintiffs' references in the Motion for Reconsideration to fraudulent concealment are merely attempts to reargue that which was already denied. Furthermore, the Court has very serious doubts that the doctrine of fraudulent concealment tolls the deadline for filing complaints objecting to dischargeability under section 523(c) when the creditor has actual knowledge of the bankruptcy.

Plaintiffs argued in their "Factual and Legal Issues Required for January 23, 2012 Pretrial Conference", doc. 7, at p. 2 that the doctrine of fraudulent concealment is read into every federal statute of

---

**8.** "[E]quitable tolling allows a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Airlines Reporting Corp. v. Mas-* *coll (In re Mascoll)*, 246 B.R. 697, 703 (Bankr. D.C.2000) (quoting *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363 1367 (D.C.Cir.1998)). The Court finds that doing no discovery is not being diligent.

limitation, citing *Bailey v. Glover,* 88 U.S. 342, 347, 21 Wall. 342, 22 L.Ed. 636 (1874)("[W]hen the object of the suit is to obtain relief against a fraud, the bar of the statute [of limitations] does not commence to run until the fraud is discovered or becomes known to the party injured by it.") and *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946)("This equitable doctrine is read into every federal statute of limitation.")

▮▮▮▮ While Plaintiffs have accurately stated the law, they have also failed to distinguish between "statutes of limitations" and "statutes of repose."

Statutes of repose and statutes of limitations are often confused, though they are distinct. A statute of limitations creates an affirmative defense where plaintiff failed to bring suit within a specified period of time after his cause of action accrued, often subject to tolling principles. *Stuart v. Am. Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir.1998); *see also P. Stolz Family P'ship v. Daum,* 355 F.3d 92, 102–03 (2d Cir.2004). By contrast, a statute of repose extinguishes a plaintiff's cause of action after the passage of a fixed period of time, usually measured from one of the defendant's acts. *See P. Stolz Family P'ship,* 355 F.3d at 102–03.

*Ma v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 597 F.3d 84, 88 n. 4 (2nd Cir.2010). *See also In re Exxon Mobil Corp. Securities Litigation,* 500 F.3d 189, 199–200 (3rd Cir.2007):

A statute of repose bars "any suit that is brought after a specified time since the defendant acted ..., *even if this period ends before the plaintiff has suffered a resulting injury.*" Black's [Law Dictionary], *supra,* at 1451 [ (8th ed. 2004) ](emphasis added). Unlike statutes of limitations, which traditionally do not begin to run until a cause of action

has accrued (*i.e.,* when all required elements have occurred) and the onset of which is often subject to delay by late discovery of the injury (or when a reasonable person should have discovered it), statutes of repose start upon the occurrence of a specific event and may expire before a plaintiff discovers he has been wronged or even before damages have been suffered at all. *Accord Nesladek v. Ford Motor Co.,* 46 F.3d 734, 737 n. 3 (8th Cir.1995) ("A statute of repose is different from a statute of limitations ... because a tort limitations statute does not begin to run until the injury, death, or damage occurs—or until the cause of action accrues. On the other hand, a statute of repose prevents the cause of action from accruing in the first place."); Adolph J. Levy, Solving Statute of Limitations Problems § 3.01, at 76 (1987). It might be said that statutes of repose pursue similar goals as do statutes of limitations (protecting defendants from defending against stale claims), but strike a stronger defendant-friendly balance. Put more bluntly, there is a time when allowing people to put their wrongful conduct behind them—and out of the law's reach—is more important than providing those wronged with a legal remedy, even if the victims never had the opportunity to pursue one.

*and see Williams v. EMC Mortgage Corp. (In re Williams),* 276 B.R. 394, 398 (Bankr.E.D.Pa.2002):

A statute of limitations "is a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church of Hyattsville v. United States Gypsum Co.,* 882 F.2d 862, 865 (4th Cir.1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). One of the purposes of a statute

of limitations is to encourage prompt resolution of disputes and to provide to defendants a mechanism to dispose of stale claims. *Id.* at 866. In this regard, "the terms of a typical statute of limitations provide that a cause of action may or must be brought within a certain period of time." *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 118 S.Ct. 1408, 1412, 140 L.Ed.2d 566 (1998).

In contrast, a statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. *First United Methodist Church of Hyattsville,* 882 F.2d at 865. Statutes of repose are motivated by "considerations of the economic best interest of the public as a whole and are ... based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." *Id.*

■ "In contrast to statutes of limitation, statutes of repose serve primarily to relieve potential defendants from anxiety over liability for acts committed long ago." *Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988). A statutes of repose requires as an element of the cause of action that the suit be filed by a date certain. *Id.* Statutes of repose are not concerned with the plaintiff's diligence; they are concerned with "the defendant's peace." *Underwood Cotton Co., Inc. v. Hyundai Merchant Marine (America), Inc.,* 288 F.3d 405, 409 (9th Cir.2002).

■ One significant difference between a statute of limitations and a statute of repose is that a statute of repose cannot be equitably tolled. *Tidewater Finance Co. v. Williams (In re Williams),* 341 B.R. 530, 538 n. 9 (D.Md.2006), *aff'd,* 498 F.3d 249 (4th Cir.2007); *In re Maas,* 416 B.R. 767, 771 (Bankr.D.Kan.2009) ("Equitable tolling is inconsistent with statutes of repose.") (citing *Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991)).

■ Statutes of limitations have two common characteristics. *Id.* at 769. First, they give a plaintiff a specified period of time within which to pursue a claim. *Id.* at 769–70. Second, the period begins when the plaintiff has or discovers he has a complete and present claim or cause of action. *Id.* at 770. When both conditions are met a court may "toll" the running of the deadline if equitable considerations excuse the plaintiff's failure to file the claim timely. *Id.* (Citations omitted.) This "equitable tolling" is appropriate when the plaintiff has diligently pursued his remedy but some action by defendant has frustrated his efforts. *Id.* (Citation omitted.)

■ Statutes of repose do not start to run when the plaintiff has or discovers he has an action. *Id.* at 771. Rather, the statutes set an outside limit as to when the cause of action can accrue in the first place. *Id.* In other words, they set a deadline not only for filing the action but also providing that after that deadline the plaintiff can no longer even have the claim.

■ Bankruptcy Rule 4007(c) is a statute of repose. It states that complaints under sections 523(a)(2), (a)(4) and (a)(6) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." This deadline has nothing to do with when a creditor's claim accrued or was discovered. It is a date set as a function of the date the debtor filed the bankruptcy. *See Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1006 (9th Cir. BAP 1990)(Rule 4007(c) starts the running of a time to file that is not dependant on the discovery or accrual of the

cause of action. Tolling does not apply.) *Compare Cadle Co. v. Andersen (In re Andersen)*, 2011 WL 5835099 (Bankr. D.Mass.2011):

> The conclusion that equitable tolling is inapplicable to both §§ 727(e)(1) and (e)(2) is further supported by the notion that Bankruptcy Code provisions should be interpreted based upon their "plain meaning." *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Section 727(e)(1) clearly states that a § 727(d)(1) action may be brought within one year after a debtor is granted a discharge, while § 727(e)(2) unambiguously limits the commencement of a § 727(d)(2) action to the same period, or the date the case is closed, whichever occurs later. Although words are subject to nuance, the meaning of this language appears clear: § 727(d)(1) and § 727(d)(2) actions must be brought within specific time periods. The use of equitable tolling in the context of either §§ 727(e)(1) or (e)(2) would eviscerate the plain meaning of such language.

Moreover, Fed.R.Bankr.P. 9006(b)(3) provides: "The court may enlarge the time for taking action under Rules . . ., 4007(c), . . ., only to the extent and under the conditions stated in those rules." Rule 4007(c) has a provision for enlargement of time: "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

In summary, the Court concludes that Plaintiffs' claims were not equitably tolled. Therefore, even assuming (though the Court is not deciding) that Defendant had fraudulently withheld information, Plaintiffs did not obtain an extension of time to file their second adversary after March 10, 2009. The second adversary was properly dismissed.

## FRAUD ON THE COURT

■ The Motion for Reconsideration lists fraud on the court as an issue, but goes no further. Plaintiffs' Factual and Legal Issues (doc. 7-1, pp. 4-5) cites a variety of cases that stand for the proposition that if a court officer or judge deceives the court or does not impartially perform the functions of their position, any resulting judgment is void. Also, the fraud must be directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. Plaintiffs do not specify what fraudulent conduct occurred here. The Court assumes that Plaintiffs argue that the first case was terminated fraudulently. But the Court finds nothing in that case that would show fraud. First, the only judicial action in the first adversary was the Court's signing of two stipulated automatic stay orders for entry in the main bankruptcy cases to allow the District Court action to proceed, and the signing of the stipulated order dismissing the case. The Court was not called on to rule on anything, nor did it. In fact, the Plaintiffs purportedly drafted the stipulated orders and presumably put into them what they intended. The only other possible "fraud" could have been Plaintiffs' statements that the law office's attorney threatened them (correctly, as it turned out) with sanctions for attempting to hold a corporate chapter 7 debtor's debt nondischargeable. And, as to comments about withheld information, there is no evidence

in the docket that Plaintiffs ever attempted to discover anything; it contains no certificates of service for discovery, no notices of 2004 examinations or depositions, nor any motions to compel. *See H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118 (6th Cir.1976)("Allegations of nondisclosure during pretrial discovery are not sufficient to support an action for fraud on the court.") (Citation omitted.)

Furthermore, the Court addressed Plaintiffs' allegations of fraud on the court in the original order dismissing this adversary proceeding. The Motion for Reconsideration adds nothing new. To the extent Plaintiffs argue fraud on the Court, this issue was already argued and denied and is not the proper subject for a motion to reconsider.

### WITHOUT PREJUDICE

 Plaintiffs argue that the first case's dismissal "without prejudice" was correct. Doc. 12, p. 8. That may be true, but is totally irrelevant. Nowhere do the Plaintiffs state their assumption outright, but it is clear to the Court that they believe that when a case is dismissed without prejudice one is free to refile it any time, any statutes of limitation or statutes of repose notwithstanding. This is dead wrong.

> As enunciated by the Supreme Court, the general rule on the subject is that "if a plaintiff mistakes his remedy, in the absence of any statutory provisions saving his rights, or where from any cause ... the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred."

*Dupree v. Jefferson,* 666 F.2d 606, 610 (D.C.Cir.1981) (quoting *Willard v. Wood,* 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531 (1896)). *See also Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir.1987)

(En banc.) ("[D]ismissals without prejudice operate to leave the parties as if no action had ever been commenced.... If the period of limitations has run by the point of such a dismissal, any new action is generally untimely.") (quoting *Harris v. City of Canton, Ohio,* 725 F.2d 371, 376–77 (6th Cir.1984)). *See also Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir. 2000):

> [A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. *E.g., Beck v. Caterpillar Inc., supra,* 50 F.3d [405] at 407 [ (7th Cir.1995) ]; *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir.1995); *Dade County v. Rohr Industries, Inc.,* 826 F.2d 983, 989 (11th Cir. 1987). Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. The strongest case for the rule that the running of the statute of limitations is unaffected by a dismissal without prejudice is therefore the case in which the plaintiff procured the dismissal, as by voluntarily dismissing the suit. *See, e.g., Willard v. Wood,* 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531 (1896); *Beck v. Caterpillar Inc., supra,* 50 F.3d at 407; *Bonneville Associates, Limited Partnership v. Barram,* 165 F.3d 1360, 1364 (Fed.Cir.1999). But that cannot place limits on the scope of the rule, since a plaintiff can almost always precipitate a dismissal without prejudice, for example by failing to serve the defendant properly or by failing to allege federal jurisdiction, even if he does not move to dismiss it. The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dis-

missal is effectively with prejudice. *E.g., Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir.2000); *Hatchet v. Nettles*, 201 F.3d 651, 652–53 (5th Cir.2000) (per curiam). Finding no error in the Court's dismissal order, the Court denies reconsideration on this ground.

### RES JUDICATA/COLLATERAL ESTOPPEL

██ In Defendant's Motion to Dismiss he argued that this adversary was also barred by res judicata or collateral estoppel. The Court did not need to address that in entering the dismissal order, but has reviewed this argument in connection with the Motion to Reconsider and finds it well taken. As noted above, the Court has taken judicial notice of the District Court case. In that case, Defendant filed a motion for summary judgment requesting that the court dismiss all claims not covered by malpractice insurance because those claims had been discharged in his bankruptcy case. Judge Garcia agreed. "If Lyons intended to assert that their causes of action other than the claims of professional malpractice were nondischargeable, they could have continued with Adversary Proceedings and obtained a ruling from the Bankruptcy Court on that issue. They chose not to do so, and it is now too late. 11 U.S.C. § 523(c)(1); Fed. R.Bankr.P. Rule 4007(c)." (District Court case, doc. 111, p. 12). The Tenth Circuit affirmed, reasoning that "[b]y dismissing their complaint, plaintiffs relinquished their opportunity to have the bankruptcy court rule on the dischargeability of their claims against defendants." Order and Judgment, No. 10–2192 (10th Cir. 2011) (filed in District Court case, doc. 120).

In summary, the District Court ruled directly on the issue of whether all claims against the Debtor had been discharged by the bankruptcy. It ruled they had, and that ruling was affirmed. Plaintiffs cannot avoid the consequences of these orders by refiling a new adversary proceeding.

### PLAINTIFFS' DILIGENCE

██ Plaintiffs main claim is that they discovered the smoking gun in February 1, 2010. Defendant filed the summary judgment motions in June, 2010. If the evidence was as probative as Plaintiffs claim, it should have been presented to the District Court before judgment was entered against them. If it was presented, the Court ruled against them. If it was not presented, it is too late to use it now. Finally, to the extent the new evidence had a bearing on a potential dischargeability claim, the matter was not brought to the Bankruptcy Court until December 2011. Plaintiffs stated that this was when the District Court litigation ended. As discussed above, however, the District Court litigation ended in July, 2010. Waiting eighteen months to return to the Bankruptcy Court is not acceptable, especially considering that the original deadline was sixty days and ended on March 10, 2009, Plaintiffs' actions do not demonstrate diligence. *See, e.g., Merck & Co., Inc. v. Reynolds*, —— U.S. ——, 130 S.Ct. 1784, 1797, 176 L.Ed.2d 582 (2010) ("[T]he court-created 'discovery rule' exception to ordinary statutes of limitations is not generally available to plaintiffs who fail to pursue their claims with reasonable diligence.").

### CONCLUSION

The Court has reconsidered its Order dismissing adversary proceeding and finds that it was proper. The Court will enter an Order in conformity with this Memorandum Opinion. Plaintiffs also filed a motion to reopen this adversary proceeding. Doc. 13. That motion will also be denied for the reasons set out in this memorandum opinion.

Defendant renewed his request for injunctive relief and/or fees and costs incurred in responding to the Motion to Reconsider and Motion to Reopen. Obviously, this Court cannot order the Plaintiffs to not file an appeal, but the Court can warn them that if they file another action (motion or adversary) in the main bankruptcy case (7–08–13642), or in either adversary proceeding (09–1013 or 11–1212) in an attempt to declare any debt nondischargeable or to revoke a discharge, or to obtain money damages or injunctive relief based on any cause of action that was raised or could have been raised or in any way relates to Defendant's prior representation of them, the Court will not hesitate to impose fines and award Defendant his costs and expenses in defending against the action.